UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 10-cr-32(1)(JNE/SRN)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **OPPOSITION TO MOTION TO MODIFY** |
| v. | ) **CONDITIONS OF RELEASE** |
| | ) |
| DENNIS EARL HECKER, | ) |
| | ) |
| Defendant. | ) |

In the Defendant's Motion for Travel Order, submitted February 25, 2010, the defendant requests a modification of his conditions of release, which were ordered by this Court on February 11, 2010 and amended on February 12, 2010.  The United States opposes the defendant's request.

The defendant's motion is governed by 18 U.S.C. § 3142, which allows a judicial officer to amend a release order "to impose additional or different conditions of release."  18 U.S.C. § 3142(c)(3).

On February 11, 2010, at the defendant's First Appearance before this Court, the United States Pretrial Services/Probation Office submitted a bond report which indicated that the defendant presented a risk of flight under 18 U.S.C. § 3142.  The United States agreed, and requested that the Court impose the conditions set forth in the Pretrial Services recommendation, which included that the defendant be restricted to his residence every day as directed by Pretrial Services.  The defendant stipulated to these

conditions. Thereafter, Pretrial Services determined that electronic monitoring was not feasible at the defendant's residence but that equivalent GPS monitoring was feasible.

On February 12, 2010, the defendant requested a modification of conditions to allow him to travel to the home at Crosslake, citing his desire to get away from the media for weekend respite with his family. On February 12, 2010, the Court denied the defendant's request to modify conditions to allow travel to Crosslake, and entered an Amended Order Setting Conditions of Release. As the government understood the Court, its Amended Order clarified that the term "residence" in the original Order meant his Medina home and no other. Additionally, the curfew set by Pretrial Services required the defendant to be at home at that residence each evening and did not permit travel on weekends to Crosslake or elsewhere.

On today's date, the defendant has brought a motion again seeking a modification of his conditions to allow him to travel to Crosslake for the upcoming weekend. Because this motion has already been denied by the Court and because the risk of flight is even greater than it was at the time of the Court's prior orders setting forth conditions of release, the United States opposes this motion.

Since the Amended Order was entered on February 12, 2010, the United States Bankruptcy Court, District of Minnesota, has

determined that over $83,000,000 of the defendant's debt to Chrysler Financial Services is not dischargeable in the defendant's bankruptcy proceeding.  *In re Dennis Hecker*, United States Bankruptcy Court, District of Minnesota, Case No. 09-50779, Doc. 401.  In addition, the United States Trustee has determined and charged that Hecker, with the assistance of William Prohofsky, fraudulently concealed assets in a scheme to defraud the bankruptcy estate.  *In re Dennis Hecker*, United States Bankruptcy Court, District of Minnesota, Case No. 09-50779, Doc. 404.  The defendant's long time girlfriend, Christi Rowan, has also been the subject of recent civil actions by the Trustee that allegedly arise out of fraudulent conduct of the defendant.  In sum, the defendant is now facing a substantial amount of pressures from a number of fronts.  These facts, when combined with those that were present at the initial appearance, namely, the fact that the defendant is facing serious charges with very serious potential consequences, has ties to Mexico, and mental health conditions, make it clear that since February 12, the risk of flight presented by this defendant has increased, not decreased.   Moreover, in asking for the modification, the defendant has not presented any reason other than the fact that he will be with his children from Friday, February 26 to Wednesday, March 3.  The defendant has given no reason why he cannot be with his children in the home where he has been ordered to maintain a curfew.

For all these reasons, the United States respectfully opposes the motion for modification of conditions of release.

Dated: February 25, 2010        Respectfully submitted,

                                B. TODD JONES
                                United States Attorney

                                */s/ Nancy E. Brasel*

                                BY: NICOLE A. ENGISCH
                                    NANCY E. BRASEL
                                Assistant United States Attorneys