UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

_____

UNITED STATES OF AMERICA,                    Case No. 10-CR-32(01) (JNE/SRN)

               Plaintiff,

    v.

DENNIS EARL HECKER,

               Defendant.

_____

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW

The plain language of Local Rule 83.7(c) requires counsel to show good cause to withdraw, without substitution, from representation.  Local Rule 83.7(c) does not define the term "good cause" but case law indicates that "good cause" under the Local Rules is similar to the cause requirement for withdrawal under the Minnesota Rules of Professional Conduct.  *See Luiken v. Domino's Pizza LLC*, Slip Copy, 2009 WL 4723296, 2 (D.Minn. 2009)(citing Minn. R. Prof. Conduct 1.16(b)(5), which permits a lawyer to withdraw from representation if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled").  Another important aspect of the withdrawal analysis is whether or not the client will be able to find a new attorney, given the stage and complexity of litigation.  *Mille Lacs Band of Chippewa Indians v. State of Minn.*, 152 F.R.D. 580, 582 – 83 (D. Minn. 1993).  The effect of withdrawal on a client's ability to effectively proceed can also be properly considered under Minn. R. Prof.

1

Conduct 1.16(b)(1), which states "a lawyer may withdraw from representing a client if…

withdrawal can be accomplished without material adverse effect on the interests of the client."

Based on the above, withdrawal is appropriate because Defendant has failed

"substantially to fulfill an obligation to the lawyer" and "withdrawal can be accomplished

without material adverse effect on the interests of the client."  Minn. R. Prof. Conduct 1.16(b)(1)

& (5).  Defendant has been unable to pay Counsel as required by the fee agreements, despite his

best efforts.  (Affd. of Mauzy at 1).[1]  Counsel has made Defendant aware that if Defendant was

unable to provide compensation, Counsel would withdraw.  *Id.*  Defendant has had several

months to secure payment as required under the fee agreements, but has been unable to due in

large part to the unexpected, and indeed cataclysmic, impact of an eighty-three million dollar

non-dischargeable judgment against him in bankruptcy court.  *Id.*  Finally, the withdrawal comes

at a very early stage in the criminal justice process, shortly after arraignment and six months to a

year before a likely trial date.

---

[1] Counsel will provide these fee agreements to this Court, but in order to protect client's
confidential information, see Minn. R. Prof. C. 1.6, Counsel requests that this Court order the
production of same to the Court for its *in camera* review.  *See, e.g.*, *United States v. Robinson*,
Case No. 4:06-CR-086-SPM, 2008 U.S. Dist. LEXIS 14307, at *2 (N.D. Fla. Feb. 26, 2008)
(ordering *in camera* review of fee agreement, including total amount of such fees and costs paid
to date, to determine indigency of defendant*); Kimberly-Clark Corp. v. Factory Mut. Ins. Co.*,
No. 3:05-CV- 2097-B ECF, 2007 U.S. Dist. LEXIS 96604, at *2 (N.D. Tex. Mar. 19, 2007)
(ordering plaintiff "to submit an unredacted . . . copy of its contingency fee agreement for *in
camera* review"); *Sprague v. Household Int'l*, 473 F. Supp. 2d 966, 975 (W.D. Mo. 2005)
("During a teleconference with the parties on July 20, 2004, Household argued that the Plaintiffs
would not be responsible for paying arbitration fees due to a contingency fee arrangement with
their counsel. When the Plaintiffs denied that allegation, the Court ordered the Plaintiffs to
submit their fee agreement under seal for *in camera* inspection. After reviewing that agreement,
the Court determined that the agreement would require the Plaintiffs to bear all costs of
arbitration, including the arbitration fees.").

Because Defendant has been unable to fulfill his financial obligations under the fee agreements and because alternative representation is available to Defendant, withdrawal without substitution is appropriate under Local Rule 83.7(c).

Date:  March 9, 2010                    Respectfully submitted,


By:   */s/ William J. Mauzy*
     William J. Mauzy (#68974)
     510 First Avenue North
     Suite 610
     Minneapolis, MN 55403
     (612) 340-9108