UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

_____

UNITED STATES OF AMERICA,　　　　　　　　Case No. 10-CR-32(01) (JNE/SRN)

        Plaintiff,

  v.

DENNIS EARL HECKER,

        Defendant.

_____

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW**

    Local Rule 83.7(c) states that "withdrawal without substitution may be granted only by a motion made before the Court, for good cause shown." While the rule does not define the term "good cause," case law indicates that "good cause" under the Local Rules is similar to the cause requirement for withdrawal under the Minnesota Rules of Professional Conduct. See *Luiken v. Domino's Pizza LLC*, Slip Copy, 2009 WL 4723296, 2 (D.Minn. 2009)(citing Minn. R. Prof. Conduct 1.16(b)(5), which permits a lawyer to withdraw from representation if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled"). Minnesota Rule of Professional Conduct 1.16(b) provides numerous permissible grounds for withdrawal. Here the relevant grounds are Rule 1.16(b)(5), as well as Rule 1.16(b)(1) and Rule 1.16(b)(6). Rule 1.16(b)(1) states that a lawyer may withdraw if "withdrawal can be accomplished without material adverse effect on the interests of the client." Rule 1.16(b)(6) says

that a lawyer may withdraw if "the representation will result in an unreasonable financial burden on the lawyer…"

Based on the above, withdrawal is appropriate because Defendant has failed "substantially to fulfill an obligation to the lawyer", the representation would "result in an unreasonable financial burden on the lawyer," and "withdrawal can be accomplished without material adverse effect on the interests of the client." Minn. R. Prof. Conduct 1.16(b)(1), (5) & (6). Defendant has been unable to pay Counsel as required by the fee agreement, despite Defendant's best efforts. (Affd. of Mauzy at 1 and Supp. Affd. of Mauzy at 2). Counsel has made Defendant aware that if Defendant was unable to provide compensation, Counsel would withdraw. *Id.* Defendant has had several months to secure payment as required under the fee agreement, but has been unable. Furthermore "withdrawal can be accomplished without material adverse effect on the interests of the client" given the very early stage in the criminal justice process, shortly after arraignment on the Superseding Incitement and six months before a likely trial date. Minn. R. Prof. Conduct 1.16(b)(1). Counsel has provided Defendant with notice of the Motion to Withdraw.

Because Defendant has been unable to fulfill his financial obligations under the fee agreement and because withdrawal can be accomplished without material adverse effect on the interests of the client, withdrawal without substitution is appropriate under Local Rule 83.7(c).

Date:  March 30, 2010                                  Respectfully submitted,

                                          By:      */s/ William J. Mauzy*
                                              William J. Mauzy (#68974)
                                              Piper Kenney Webb (#275621)
                                              Casey T. Rundquist (#390475)
                                              510 First Avenue North
                                              Suite 610
                                              Minneapolis, MN 55403
                                              (612) 340-9108