UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 10-32 (JNE/SRN) |
| Plaintiff, | |
| v. | **ORDER** |
| Dennis Earl Hecker (01), | |
| Defendant. | |

Nicole A. Engisch and Nancy E. Brasel, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

William J. Mauzy, Law Offices of William J. Mauzy, 510 1st Avenue North, Suite 610, Minneapolis, Minnesota 55403, for Defendant

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned case comes before the undersigned United States Magistrate Judge on the Supplemental Motion to Withdraw as Attorney filed by William J. Mauzy (Doc. No. 67). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

I.     BACKGROUND

Mr. Mauzy appeared on behalf of Defendant Dennis Hecker at Mr. Hecker's February 11, 2010 first appearance in federal court on criminal charges. Shortly thereafter, in a United States Bankruptcy Court proceeding involving Mr. Hecker, Chrysler Financial Servs. Americas, LLC v. Dennis E. Hecker, the Honorable Robert J. Kressel ruled that, as a sanction for discovery violations, $83,070,987 of Chrysler Financial's judgment against Mr. Hecker was not dischargeable in Mr. Hecker's bankruptcy proceedings. (Order of 2/23/2010 at 9-11, Bankr. D.

Minn., File No. 09-5019, Doc. No. 86.)

On March 9, 2010, Mr. Mauzy moved to withdraw from his representation of Mr. Hecker, arguing that, due to the Bankruptcy Court's decision in <u>Chrysler Financial</u>, Mr. Hecker was unable to pay for his services.  Mr. Mauzy averred that he had advised Mr. Hecker that he would seek to withdraw if Mr. Hecker was unable to provide compensation for his legal services. (Mauzy Mem. Supp. Mot. Withdraw at 2.)

Mr. Marsh Halberg, an attorney who, along with Mr. Mauzy, had appeared on Mr. Hecker's behalf at Mr. Hecker's first appearance, also moved to withdraw for similar reasons. At the March 10 hearing on the motions of both attorneys to withdraw, the Court granted Mr. Halberg's motion.  Mr. Mauzy, however, orally withdrew his motion, indicating that through fund-raising efforts, it appeared that Mr. Hecker would be able to fulfill his financial obligations to Mr. Mauzy.

On March 30, 2010, Mr. Mauzy filed the instant motion, seeking permission to withdraw as counsel.  He again cites Mr. Hecker's inability to compensate him as the reason for his request.  The Government does not oppose Mr. Mauzy's motion, but argues that should it be granted, that the trial date of October 18, 2010 remain firm.  In addition, the Government requests that should Mr. Hecker later secure private counsel through fund-raising efforts or otherwise, that he be required to reimburse the public for the work done by appointed counsel pursuant to 18 U.S.C. § 3006A(f).

## II.   DISCUSSION

Under the Local Rules, an attorney who has appeared as the attorney of record in a case cannot terminate the relationship by withdrawal without seeking leave to make a formal

withdrawal of record. D. Minn. L. R. 83.7(a); see also Anders v. California, 386 U.S. 786, 744 (1967). Also under the Local Rules, "withdrawal without substitution may be granted only by a motion made before the Court, for good cause shown." D. Minn. L.R. 83.7(c). This Court views motions of counsel to withdraw as "inherently fact-specific" and considers such motions in the context of the attorney's duties to the Court, to the client and to the profession. Cabo Holdings, LLC v. Engelhart, 07-CV-3524 (PJS/RLE), 2008 WL 4831757, * 3 (D. Minn. Nov. 3, 2008).

This Court has relied upon the Minnesota Rules of Professional Conduct in making a determination of whether "good cause" has been shown by counsel seeking to withdraw. See Luiken v. Domino's Pizza LLC, 09-CV-516 (DWF/AJB), 2009 WL 4723296 (D. Minn. Dec. 2, 2009). The Minnesota Rules of Professional conduct provide, in pertinent part:

> A lawyer may withdraw from representing a client if:
>
> ***
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer . . . ; or
>
> (7) other good cause for withdrawal exists.

Minn. R. Prof. Cond. 1.16(b)(5)-(7). The comments to the Rule further provide that "[a] lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs . . . ." Id. cmt. 8.

While what constitutes "good cause" for withdrawal of counsel is determined on a case-by-case basis, a party's failure to pay attorney's fees has been held to constitute "good cause." See Cabo Holdings, LLC, 2008 WL 4831757 at *5 (holding that law firm seeking withdrawal

"bears no responsibility, express or implied, to provide gratuitous finances" to the client).  In addition to an attorney's stated reason for seeking withdrawal, courts also consider whether the withdrawal will cause the parties any prejudice and whether it will interfere with the prompt administration of justice, such as by causing delay.  See Taylor v. Stewart, 20 F.Supp.2d 882, 883 (E.D. Pa. 1998); United States ex rel. Cherry Hill Convalescent Center, Inc. v. Healthcare Rehab Sys., Inc., 994 F.Supp. 244, 252-53 (D. N. J. 1997).  Courts likewise consider the effect of withdrawal on whether or not the client will be able to obtain new counsel, particularly in light of the stage and complexity of the litigation, and whether the prosecution of the case will likely be disrupted by the withdrawal of counsel.  See Cabo Holdings, LLC, 2008 WL 4831757 at *5; Mille Lacs Band of Chippewa Indians v. Minnesota, 152 F.R.D. 580, 582-83 (D. Minn. 1993).

Here, the Court is persuaded that Mr. Mauzy has demonstrated the requisite showing of good cause.  Moreover, Mr. Hecker has been advised that his failure to compensate counsel legal services could result in counsel's withdrawal from representation and Mr. Hecker does not oppose the instant motion.  The stage of the litigation is early and Mr. Mauzy's withdrawal will not hinder the prompt administration of justice.

At the hearing held on April 12, 2010 on this motion, the Court inquired of Mr. Hecker's finances, under oath.  Mr. Hecker testified that the financial disclosures made in the proceeding before the United States Bankruptcy Court accurately reflect his finances.  The Court therefore determined that Mr. Hecker was financially unable to obtain counsel and appointed the Office of the Federal Defender to represent him.[1]

---

[1] Federal Defender Katherian Roe accepted the appointment, but due to a conflict of interest, informed the Court that Brian Toder and the Chestnut Cambronne firm would represent Mr. Hecker pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. 3006A.

So that Mr. Mauzy's counsel's withdrawal will not unfairly prejudice the parties, the trial date of October 18, 2010 will remain in place. Additionally, if Mr. Hecker should hereafter retain private counsel, or if it is otherwise determined that funds are available for payment from or on behalf of Mr. Hecker, he shall be required to reimburse the government pursuant to 18 U.S.C. § 3006A(f) for any attorney's fees or costs already expended by his court-appointed attorney. The Federal Defender's Office will pursue collection of those fees and costs. See 18 U.S.C. § 3006A(f); United States v. Lefkowitz, 125 F.3d 608, 621 (8th Cir. 1997), cert. denied, 523 U.S. 1079 (1998); United States v. Christopher Smith, 05-CR-282 (MJD/JJG), Order Appointing Federal Defender (D. Minn. Aug. 17, 2007), (Doc. No. 404).

**IT IS HEREBY ORDERED** that:

1. The Supplemental Motion to Withdraw as Attorney filed by William J. Mauzy (Doc. No. 67) is **GRANTED**;

2. CJA panel attorney Brian Toder and his firm, Chestnut Cambronne, are hereby appointed to represent Defendant from the date of this hearing and for all subsequent proceedings in this matter; and

3. If Defendant should hereafter retain private counsel, or if it is otherwise determined that funds are available for payment from or on behalf of Defendant, he shall be required to reimburse the government pursuant to 18 U.S.C. § 3006A(f) for any attorney's fees or costs already expended by his court-appointed attorney. The Federal Defender's Office will pursue collection of those fees and costs

Dated: April 12 , 2010

                                                s/Susan Richard Nelson
                                                SUSAN RICHARD NELSON
                                                United States Magistrate Judge