UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>                                  Plaintiff,<br><br>v.<br><br>Dennis E. Hecker,<br><br>                                  Defendant. | Case No. 0:10-CR-32 (01) JNE/SRN<br><br>**DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE** |

Defendant Dennis E. Hecker, by and through his undersigned counsel moves the Court for an Order modifying his conditions of release.

This Motion is brought pursuant to 18 U.S.C. § 3142(c)(3) which provides that a "judicial officer may at any time amend the order [setting conditions of release] to impose additional or different conditions of release."

On February 11, 2010, this Court issued its Order Setting Conditions of Release (Doc. No. 16) which in pertinent part provides that, "The defendant's travel shall be restricted to Minnesota unless approved by the Court." That same Order also provided for "Radio Frequency (RF) Monitoring."

On February 12, 2010, this Court issued its Amended Order Setting Conditions of Release (Doc. No. 28.) to replace Radio Frequency Monitoring with

"Active Global Positioning Satellite (GPS) Monitoring."

On February 25, 2010, Defendant moved the Court seeking permission to travel to his Crosslake home. (Doc. No. 29.) This Court, the Honorable Franklin L. Noel presiding, denied that Motion on February 26, 2010. (Doc. No. 31.)

Defendant's undersigned counsel has been advised by U.S. Probation Officer David Drake that he has no objection to Defendant making regular trips to Crosslake. Officer Drake advises he is not certain if he would approve of Defendant moving there permanently. The Court can expect to hear more from Officer Drake by the time of the hearing.

Defendant brings this request accompanied by the following facts:

- The house in Medina where Defendant presently resides will soon no longer be available to him.

- Defendant has permission to reside at one of the cabins at Crosslake and will supplement this Motion with documentation substantiating the same before the hearing.

- Crosslake is Defendant's official residence; his driver's license is so addressed.

- There is considerable work on the property that must be done, and

2

he is in the best position to help the newly appointed Receiver charged with maintaining the premises. The Receiver welcomes his participation.

- Defendant seeks to spend quality time with his children in an environment free from continuous public scrutiny. See Doc. No. 29, Defendant's previous motion for travel order.

- Defendant's medical care professionals endorse his being able to be in that environment.

The Government was previously successful in thwarting Defendant's request, arguing that Defendant was confined to his "residence." The residence contemplated there will soon be unavailable. Crosslake is all that Defendant will soon have.

The Government's argument that Defendant is a flight risk and therefore undeserving of any accommodation ignores the fact that he continuously wears a GPS monitoring device and would still be confined (by order) to Minnesota. Crosslake is only a short drive from Minneapolis.

That argument failing, the Government emphasizes that Defendant suffered an $83,000 non-dischargeable judgment in the Bankruptcy Court. It is

unclear why this would make Defendant more of a flight risk.  That $83,000 judgment was not a judgment based on the merits of his case.  It was a sanction occasioned by the conduct of Defendant's bankruptcy counsel.  In fact the Honorable Robert J. Kressel, U.S. Bankruptcy Judge wrote in his opinion, "It is a well-established principal that a party is responsible for the actions and conduct of his [or her] counsel and that, under appropriate circumstances, dismissal or default may be entered against a party as a result of counsel's actions."  How this decision makes Defendant a flight risk simply defies logic.

Moving on with the Government's previous enumerations of facts[1] that it believes provides evidence of flight risk, the Court is beseeched to consider that what the Trustee "has determined" would not survive the most elementary cross-examination, and if it did, it would not demonstrate that Defendant is a flight risk.

Christi Rowan's involvement or lack thereof is not material to any determination that Defendant is a flight risk.

Defendant no longer has ties to Mexico any more than most American

---

[1] Doc. No. 30, Government's Opposition to Motion to Modify Conditions of Release.

tourists have.  He has no property in Mexico.

Most importantly, Defendant will likely be acquitted of all charges; therefore, he has every incentive to not be a flight risk.  Flight and inevitable apprehension would extinguish his ability to clear himself of these charges.

The balances for the relief sought are in Defendant's favor.  Examining 28 U.S.C. § 3142(g) factors to be considered:

(1) Defendant is not charged with a crime of violence, terrorism, one involving a minor victim, controlled substance, firearms or explosive device.

(2) The weight of evidence against the most serious charges is flimsy at best.  If the primary fraud count fails, so do the wire fraud and money laundering counts.  The bankruptcy count carries a maximum penalty of five years, hardly in a class of cases that would suggest flight as a solution.

(3) Defendant has no criminal history or history of alcohol abuse and historically has had very strong ties to the community.  Over 1,600 families and over 100 businesses depended on the Defendant, and he is a benefactor to countless charities and civic organizations.  He has many friends in the community who have acquired and maintain successful businesses due to Defendant's generosity and counsel.

## CONCLUSION

Defendant's Motion should be granted allowing him to live in his residence pending the resolution of this matter. He is not a flight risk.

Dated: May 19, 2010                                        **CHESTNUT CAMBRONNE PA**

By /s/ Brian N. Toder
    Brian N. Toder, #17869X
    17 Washington Avenue North
    Suite 300
    Minneapolis, MN  55401
    (612) 339-7300
    Fax (612) 336-2940

**ATTORNEYS FOR DEFENDANT**