UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br>               Plaintiff,<br><br>v.<br><br>Dennis E. Hecker,<br>               Defendant. | Case No. 0:10-CR-32 (01) JNE/SRN<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR DISCLOSURE OF GOVERNMENT WITNESSES** |

Defendant, DENNIS E. HECKER, by and through his attorney, Brian N. Toder, respectfully submits the following memorandum of points and authorities in support of his motion for an order requiring the government to produce a list of witnesses it intends to call at trial. Such an order is necessary for defense counsel to adequately prepare for trial.

Although defendants have no right to require a list of government witnesses under Rule 16(a), *see id.* at 728; *United States v. Pelton*, 578 F.2d 701, 708 (8th Cir. 1978), *cert. denied*, 439 U.S. 964 (1978); it is well established that the trial court has authority to order the government to disclose the names of witnesses it intends to call. *United States v. White*, 750 F.2d 726, 728 (8th Cir. 1984); *see United States v. Cole*, 449 F.2d 194, 198 (8th Cir. 1971); *see also* Wright, *Federal Practice and Procedure Crim. 2d* § 254, at 89–90. The trial court has broad discretion in

discovery matters. *Pavlik v. Cargill,* Inc., 9 F.3d 710, 714 (8th Cir. 1993). The Federal Rules establish certain minimal discovery rules which the court is free to expand in the appropriate case. Specifically, "[Rule 16] is intended to prescribe the minimum amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." Fed. R. Crim. P. 16 advisory committee's note to 1975 amendment.

The primary justifications for requiring production of government witness lists are allowing defense counsel to adequately prepare for trial by interviewing witnesses; *Gregory v. United States*, 369 F.2d 185, 187–89, 125 U.S. App. D.C. 140 (C.C.A. 1966), and elimination of unfair surprise. *United States v. Greene*, 497 F.2d 1068, 1082 (7th Cir. 1974). Professor Charles Alan Wright succinctly summarized the importance of this information: "The names of persons with knowledge of the facts is often the most important information for proper defense of a case." Wright, *Federal Practice and Procedure: Crim. 2d* § 254, at 85 (1982). The American Bar Association has adopted a specific standard requiring the prosecution to disclose the names of its witnesses before trial. *A.B.A. Standards for Criminal Justice* § 11-2.1(a)(1) (2d ed. 1980).

The most often cited reasons against requiring disclosure of government witnesses are witness intimidation and subordination of perjury. *See, e.g., United*

2

*States v. Cannone*, 528 F.2d 296, 301 (2d Cir. 1975) (discussing reasons for and against disclosure of witnesses); *see also United States v. Cole*, 449 F.2d 194, 198 (8th Cir. 1971) (no abuse of trial court discretion to refuse to require disclosure where alleged threats and intimidation of prospective witnesses have been uncovered).

Several courts have adopted a balancing approach weighing the countervailing interests of the defense and prosecution in deciding whether to require disclosure of government witnesses. The Second Circuit has stated the applicable standard to be whether "a specific showing of need for disclosure by the defendant outweighs a specific showing of need by the government." *Cannone*, 523 F.2d at 302. In *United States v. Vitale*, 728 F.2d 1090 (8th Cir. 1984), the Eighth Circuit approved such a balancing approach. The defendant sought a list of prospective witnesses who had agreements with the government. The magistrate ordered the names to be disclosed four days before trial. The Eighth Circuit stated: "The district court balanced the competing interest of providing the defendant with the information needed for a full defense, against the need to protect the government witnesses, and upheld the magistrate's recommendation. . . . We cannot say the district court abused its discretion in this regard." *Id*. at 1093; *see also Cole*, 449 F.2d at 198 ("These conflicting claims must be weighed in view of all the attendant circumstances.").

District Courts in New York have considered six factors in making this determination:

(1) Did the offense alleged in the indictment involve a crime of violence?

(2) Have the defendants been arrested or convicted for crimes involving violence?

(3) Will the evidence in the case largely consist of testimony relating to documents (which by their nature are not easily altered)?

(4) Is there a realistic possibility that supplying the witnesses' names prior to trial will increase the likelihood that the prosecution's witnesses will not appear at trial, or will be unwilling to testify at trial?

(5) Does the indictment allege offenses occurring over an extended period of time, making preparation of the defendants' defense complex and difficult?

(6) Do the defendants have limited funds with which to investigate and prepare their defense?

*United States v. Turkish*, 458 F. Supp. 874, 881 (S.D.N.Y. 1978).

In *United States v. Price*, 448 F. Supp. 503 (D.C. Col. 1978), the trial court made an extensive review of appellate court decisions discussing pretrial disclosure of government witnesses. The court quoted a report filed by Judge William J.

Campbell of the Northern District of Illinois which recognized the salutary effects of broader pretrial discovery in criminal cases:

> The time has come to repudiate the archaic bromides which we judges have too long used to rationalize the denial of reasonable defense discovery motions.  My own experience has established that liberal discovery will produce additional stipulations which in turn will avoid many trial hours, reduce the number of trial issues, avoid trial surprise and its consequential time consumption, and most probably result in increased, and obviously more intelligent, guilty pleas.  In my considered judgment the arguments opposing discovery still advanced by many prosecutors have all been effectively refuted.

*Id*. at 512 (citing *United States v. Moceri et al.*, 359 F. Supp. 431, 433–34 (N.D. Ohio 1973.)). The trial court ordered disclosure in the case and gave its reasons:

> [T]he government has given me absolutely no reason whatsoever to refuse disclosure. . . . If a bona fide showing can be made that witnesses will be endangered or that the government will be prevented from presenting its case or other factors properly the subject of judicial discretion, I will reconsider this ruling without hesitation.  Absent such showing, I am convinced that the totality of factors set forth herein justifies disclosure of prosecution witnesses before trial.  Given the exigencies of this case, the circumstances of the defendant, the need to advance the efficient administration of criminal cases and the utter innocuousness of an order of disclosure to the government's legitimate interests in this prosecution, I believe it would almost amount to an abuse of discretion to deny disclosure of witnesses in this matter.

*Id*. at 518.

Using the analysis of the above opinions as a guideline, defendant requests

this court to require the government to produce a list of witnesses they intend to call at trial. Defendant is not charged with a crime of violence, nor does he have a history of violent crime. There is no indication that supplying the witnesses' names prior to trial will increase the likelihood the witnesses would be hesitant to testify. Therefore, the usual arguments against pretrial disclosure of witnesses are inapplicable in this case.

The complexity of this case and the formidable task of adequately preparing for trial warrant disclosure of government witnesses in advance of trial. In similar "white-collar" prosecutions, the courts have shown a willingness to require pretrial disclosure where there appears little risk of witness intimidation. For example, in *United States v. Turkish*, the trial court ordered disclosure of government witnesses when defendants were charged with a complex conspiracy charge. The court granted defendants' motion and observed:

> The offense alleged in the indictment is not a crime of violence and defendants have never been convicted or arrested for any offense involving violence. The bulk of evidence will likely involve documents; the government has identified 25,000 documents relating to this case. Defense counsel have represented that defendants will not seek to intimidate witnesses and in fact may not have any contact with witnesses prior to trial. Supplying the witnesses' names prior to trial will not, in my judgment, increase the likelihood that the witnesses will not appear or will refuse to testify at trial. The indictment in this case alleges offenses occurring over at least a fifteen

month period. I am not persuaded by the government's fear of intimidation, which is the only specified claim of danger from disclosure.

*Turkish*, 458 F. Supp. at 881 (footnotes omitted).

This is a similarly complex case, and the government has no basis for fearing witness intimidation. Balancing the defendant's need for a list of government witnesses against the government's reasons, if any, against pretrial disclosure, weighs substantially in favor of early pretrial disclosure of government witnesses. Defendant respectfully requests that the court order the government to produce a list of witnesses they intend to call at trial.

                                                          Respectfully submitted,

Dated:  June 2, 2010                    **CHESTNUT CAMBRONNE PA**

                                             By /s/ Brian N. Toder
                                                Brian N. Toder, #17869X
                                                17 Washington Avenue North
                                                Suite 300
                                                Minneapolis, MN  55401
                                                (612) 339-7300
                                                Fax (612) 336-2940

                                                Barbara J. May, #129689
                                                2780 N. Snelling Ave.
                                                Suite 102
                                                Roseville, MN 55113
                                                (651) 486-8887

Fax (651) 486-8890

**ATTORNEYS FOR DEFENDANT**