UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Dennis E. Hecker,<br><br>　　　　　　　Defendant. | Case No. 0:10-CR-32 (01) JNE/SRN<br><br>**DEFENDANT'S MOTION FOR DISCOVERY AND INSPECTION** |

　　　The defendant, DENNIS E. HECKER, by and through his attorney, Brian N. Toder, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, moves the Court for an order that the government identify and produce for inspection and copying the items enumerated below, which are known to or are in the possession of the government or any of its agents, or which through due diligence would become known from the investigating officers or witnesses or persons having knowledge of this case.   This motion is based upon the concurrently filed Memorandum in Support of Defendant's Motion for Discovery and Inspection and the Declarations of Peter Johnson and Beth Ebert.

　　　The undersigned takes note of the fact that some of the discovery sought herein is also the subject matter of specific, concurrently filed motions, but the instant motion emphasizes the need to have the government specifically identify,

not merely produce for copying, the discovery sought given the magnitude of the number of documents and other evidence in the government's possession.

1. Any books, papers, documents, data, photographs, or tangible objects, or copies or portions of any of these items within the government's possession, custody, or control where: the item is material to preparing the defense; the government intends to use the item in its case-in-chief at trial; or the item was obtained from or belongs to the defendant.

2. A particularized list of items or other evidence that the government intends to use in its case-in-chief at trial, no later than 60 days prior to trial.

3. A true, accurate, and complete exhibit list, no later than 60 days prior to trial.

4. A true, accurate, and complete witness list, no later than 60 days prior to trial.

5. The name, substance of opinion, and report of any proposed expert witness, at least 60 days prior to trial.

6. Any oral, written, or recorded statement of any kind, made by or purported to be made by Mr. Hecker, whether to government agents or to third parties, and advisement whether or not the government intends to introduce such statement at trial.

7. Any and all recordings to which defendant or any alleged coconspirator, indicted or not, is purported to be a party, including transcripts.

8. Any and all documents, instruments, or forms of any kind signed or purported to have been signed by Mr. Hecker or by any alleged co-conspirator, indicted or not.

9. Any search warrants and affidavits in support thereof, arrest warrants and affidavits in support thereof, or other process utilized in the instant case.

10. Any and all memoranda, reports, summaries, records or documents reflecting the results of laboratory tests performed, whether or not the government intends to utilize the results at the time of trial.

11. Any and all books, papers, documents, written statements, accounts, letters, photographs, tapes, or any tangible object or thing that were solicited, obtained or seized by any person or agency from the defendant, any alleged coconspirator, any co-defendant, or any witness.

12. Any and all evidence in the form of tapes and/or wire recordings or transcriptions of conversations to which Mr. Hecker, or any alleged co-conspirator, or any other witness was a party, which recordings were obtained as a result of bugging, electronic eavesdropping or wiretapping, including conversations overheard or evidence secured as a result of such conversations.

13. The personnel files of each government agent witness that would reflect on the credibility of the agent witness or otherwise be favorable to the defense.

14. The names of any governmental employee or official who has provided information about this matter to the news media or to like third parties where public dissemination would be reasonably anticipated.

15. Any exculpatory material immediately.

16. Any statements of government witnesses at least 60 days prior to trial

17. All documents in whatever form, paper or electronic, including correspondence and memoranda between the Trustee and government counsel or their agents, that have been transmitted from the Trustee or his agents or counsel to government counsel or their agents.

This motion also seeks a statement in the Court's order reminding the government that its obligation is deemed to be continuous under Fed. R. Crim. P. 16(c).

Respectfully submitted,

Dated: June 2, 2010        **CHESTNUT CAMBRONNE PA**

By /s/ Brian N. Toder
    Brian N. Toder, #17869X
    17 Washington Avenue North
    Suite 300
    Minneapolis, MN  55401

      (612) 339-7300
      Fax (612) 336-2940

      Barbara J. May, #129689
      2780 N. Snelling Ave.
      Suite 102
      Roseville, MN 55113
      (651) 486-8887
      Fax (651) 486-8890

      **ATTORNEYS FOR DEFENDANT**