UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>     Plaintiff,<br><br>v.<br><br>Dennis E. Hecker,<br><br>     Defendant. | Case No. 0:10-CR-32 (01) JNE/SRN<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCLOSURE OF EVIDENCE FAVORABLE TO THE DEFENDANT AND FOR EXCULPATORY MATERIAL** |

**I. The Constitution Requires the Government to Disclose Evidence Favorable to the Accused and Material to Guilt or Punishment**

  **A. The *Brady* Rule**

*Brady v. Maryland*, 373 U.S. 83, 87 (1963) requires the government to disclose evidence that is favorable to the accused and "material either to guilt or to punishment, irrespective of good faith or bad faith of the prosecution." The Supreme Court has emphasized the need for strict adherence to the *Brady* rule. *See Banks v. Dretke*, 540 U.S. 668, 689-03 (2004); *see also United States v. Agurs*, 427 U.S. 97, 104 (1976); *Miller v. Pate*, 386 U.S. 1, 7 (1967); *Napue v. United States*, 360 U.S. 264, 269 (1959); *Giglio v. United States*, 405 U.S. 150, 154 (1972); *Mooney v. Holohand*, 294 U.S. 103, 112-13 (1935); *United States v. Key*, 717 F.2d 1206, 1210 (8th Cir. 1983).

B.  **Materiality in Pretrial Context**

In the post-trial context, *Brady* evidence "is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler v. Greene*, 527 U.S. 263, 280 (1999) (quotation omitted). But "in the pre-trial context, the court should require disclosure of favorable evidence under *Brady* without attempting to analyze its 'materiality' at trial." *United States v. Carter*, 313 F.Supp. 2d 921, 925 (E.D. Wis. 2004).

If materiality is in doubt, the government must disclose the evidence that potentially falls under the *Brady* rule. *Kyles v. Whitley*, 514 U.S. 419, 433 (1995).

> The question before trial is not whether the government thinks that disclosure of the information or evidence it is considering withholding might change the outcome of the trial going forward, but whether the evidence is favorable and therefore must be disclosed. . . . The only question before trial is whether the evidence at issue may be "favorable to the accused"; if so, it must be disclosed without regard to whether the failure to disclose it likely would affect the outcome of the upcoming trial. . . . The meaning of the term "favorable" under *Brady* is not difficult to discern. It is any information in the possession of the government-broadly defined to include all Executive Branch agencies- that relates to guilt or punishment and that tends to help the defense by either bolstering the defense case or impeaching potential prosecution witnesses. . . . Where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure.

*United States v. Safavian*, 233 F.R.D. 12, 16, 17 (D.D.C. 2005).

### C. Timing of Disclosures

*Brady* material must be produced in time for its effective use. *United States v. Olson*, 697 F.2d 273, 275-76 (8th Cir. 1983); *see also Leka v. Portuondo*, 257 F.3d 89, 103 (2d Cir. 2001) ("The opportunity for use under *Brady* is the opportunity for responsible lawyer to use the information with some degree of calculation and forethought.").

A district court has significant discretion to manage a case. *See* Fed. R. Crim. P. 57(b). Courts have held that a "district court has general discretionary authority to order the pretrial disclosure of *Brady* material to ensure the effective administration of the criminal justice system." *United States v. Blackwell*, 954 F.Supp. 944, 968 (D.N.J. 1997) (quotations omitted); *accord United States v. Pollack*, 534 F.2d 964, 973 (D.C. Cir. 1976); *United States v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984); *see also United States v. Valarde-Lopez*, 54 Fed. Appx. 265, 268 (9th cir. 2002) (district court ordered the Government to make early disclosure of *Brady* material). This line of cases teaches that "district courts should encourage early production of *Brady* material." *Blackwell*, 954 F.Supp at 968. Moreover, courts have held that *Brady*

material that constitutes statements within the meaning of the Jencks Act ought to be produced early, in accordance with *Brady* deadlines. *United States v. Lujan*, 530 F.Supp.2d 1224, 1256 (D.N.M. 2008).

This case involves a voluminous body of evidence; therefore, the defense requires early disclosure of *Brady* material so as to enable meaningful review. Disclosure of such material on the eve of trial would be of no use to the defense and would compromise Mr. Hecker's constitutional rights. Here, late disclosure would be no better than a failure to disclose. Thus, the Court should order disclosure of *Brady* material at least sixty days prior to trial.

    **D.**    **Disclosure in Usable Form**

The government pursues a strategy of burying the defense in paper and then claiming that the *Brady* material is somewhere in the pile. A speck of dust, a pebble on the beach, a diamond in the rough waiting to be seen. The government has instead a legal and ethical obligation to search for *Brady* material and provide it to the defense in a useable form. *See* Bennett L. Gershman, Litigating Brady v. Maryland: Games Prosecutors Play, 57 Case W. Res. L. Rev. 531, 548 (2007) (A variation of the open file gambit that has attracted only modest attention is the practice by some prosecutors, particularly in corporate fraud, tax, and other

white-collar crime cases, to overwhelm the defense with massive amounts of documents, including items that may be potential *Brady* evidence, and that are virtually impossible to read and digest in the limited time available for pretrial preparation.). If the government is unwilling to do so, then the Court's October 2010 trial date will be impossible to achieve, as the defense will spend months searching for needles in the haystack.

## II. Defendant s Requests

There exists authority for defendant's *Brady* requests, including the following:

### A. Impeachment Material

The Supreme Court has broadened the *Brady* rule to require disclosure of impeachment evidence. *Kyles*, 514 U.S. at 433. Impeachment evidence includes, for example:

- Prior inconsistent statements by the government s witnesses, *Kyles*, 514 U.S. at 453.
- The Government s immunity bargains with witnesses, *Giglio*, 405 U.S. at 154-55 (1972).
- Any promises, rewards, or inducements made to an informant, *United States v. Pesaturo*, 519 F. Supp. 2d 177, 191 (D. Mass. 2007).
- Criminal histories, medical/psychiatric histories, and polygraph results of witnesses. *Lujan*, 530 F. Supp. 2d at 1257-60.

The government s case is built upon a foundation of witnesses who were active participants in the acts alleged in the indictment, and who are now cooperating. These witnesses have strong motives to falsely lay blame on Mr. Hecker. Thus, such impeachment material is critical to the defense, and the government must be compelled to turn it over sooner rather than later.

Further, the fact that the evidence may not necessarily be admissible or material does not obviate the government's responsibility to disclose. *Griffin v. United States*, 336 U.S. 704 (1959); *Inge v. United States*, 356 F.2d 345 (D.C. Cir. 1966). Moreover, impeachment evidence can be "favorable to an accused"; thus "impeachment evidence...as well as exculpatory evidence falls within the *Brady* rule." *United States v. Bagley*, 473 U.S. 667 (1985). Consequently, "if either exculpatory or impeachment evidence is suppressed by the prosecution, and if the evidence is material, reversal is warranted." *Scurr v. Niccum*, 620 F.2d 186, 189 (8th Cir. 1980).

### B.   Profit and Loss

The *Brady* rule extends to information not only that will assist the defense, but also to information that will result in lesser punishment. *Brady*, 373 U.S. at 87; *United States v. Feliciano*, 998 F. Supp. 166, 170 (D. Conn. 1998). The government

must therefore turn over information that casts doubt on the estimate of Mr. Hecker's profits and losses, if any, to any alleged victim. This information is material to guilt or punishment.

Further, in *United States v. Santos*, 128 S. Ct. 2020, 2025 (2008), the Supreme Court held that the term proceeds under money laundering statutes refers to profits rather than receipts. Ergo, the government must turn over evidence that indicates that the monies at issue were not profits, but rather expense payments or the like. This is also material to guilt or punishment.

### C.   Remaining Requests

The remaining *Brady* requests are explained in defendant's Rule 16 Motion for discovery and memorandum.

Dated:  May 24, 2010                                              **CHESTNUT CAMBRONNE PA**

                                                                          By /s/  Brian N. Toder
                                                                              Brian N. Toder, #17869X
                                                                              17 Washington Avenue North
                                                                              Suite 300
                                                                              Minneapolis, MN  55401

(612) 339-7300
Fax (612) 336-2940

Barbara J. May, #129689
2780 N. Snelling Ave.
Suite 102
Roseville, MN 55113
(651) 486-8887
Fax (651) 486-8890

**ATTORNEYS FOR DEFENDANT**