UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>Dennis E. Hecker,<br>　　　　　　　Defendant. | Case No. 0:10-CR-32 (01) JNE/SRN<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISCLOSE AND MAKE INFORMANTS AVAILABLE FOR INTERVIEW** |

　　　　Defendant, DENNIS E. HECKER, by and through his attorney, Brian N. Toder, submits the following in support of his motion to disclose and make informants available for interview.

　　　　The aforementioned motion is based upon Rule 16, Federal Rules of Criminal Procedure, the United States Constitution, *Brady v. Maryland*, 375 U.S. 83 (1963) and its progeny.

　　　　The defense further bases this motion on the following:

1.  The use of confidential informants and/or cooperating witnesses (CIs) in criminal actions is fraught with peril. They have an incentive to lie. *Banks v. Dretke*, 540 U.S. 668, 701 (2004) (This Court has long recognized the serious questions of credibility informers pose.).

2. For this reason, the Department of Justice has promulgated The Attorney General's Guidelines Regarding The Use Of Confidential Informants (May 30, 2002) (CI Guidelines), *available at* http://www.ignet.gov/pande/standards/prgexhibith.pdf, and the Procedures for Lawful, Warrantless Monitoring of Verbal Communications (May 30, 2002) (Monitoring Procedures), *available at* http://www.justice.gov/ag/readingroom/ag-053002.pdf.

3. In *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957), the Supreme Court held that the Government must identify and produce the CI [w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause. *See also United States v. Barnes*, 486 F.2d 776, 780 (8th Cir. 1973).

4. Our Circuit has held: "[I]f the informant is an active participant in the conduct charged, the informant's identity is almost always material and thus the government must make every reasonable effort to have the informant made available to the defendant." *United States v. Sanchez*, 429 F.3d 753, 756 (8th Cir. 2005) (internal quotations omitted).

5. Our Circuit has further held: "Special problems associated with locating and protecting informants may sometimes require the government to produce an informant, even if the defendant already knows the informant's identity". *Id*. (internal quotations and punctuation omitted).

6. The CI Guidelines require in part: a suitability determination by high-level DOJ officials prior to use of any CI, CI Guidelines § II.A; special high-level approval prior to use of any individual designated as a High Level Confidential Informant, CI Guidelines §§ I.B.9, II.D; guidelines regarding a CI who engages in unauthorized criminal activity, CI Guidelines § IV.B; and guidelines regarding a CI who obtains or has access to confidential or exculpatory information, CI Guidelines § IV.D.

7. The Monitoring Guidelines require in part: consent from appropriate DOJ officials prior to consensual monitoring; and internal procedures for supervising, monitoring, and approving consensual monitoring. Monitoring Guidelines § V.

8. The DOJ's Office of Inspector General has determined that there have been many failures by law enforcement officials to adhere to the CI Guidelines, Monitoring Guidelines, as well as other internal procedures with respect to the use of CIs. Office of Inspector General, The Federal

Bureau of Investigation's Compliance with the Attorney General's Investigative Guidelines (Sept. 2005), *available at* http://www.usdoj.gov/oig/special/0509/final.pdf.

9.  Evidence of law enforcement deviations from established procedures is relevant and admissible. *United States v. Andreas*, 23 F. Supp. 2d 835, 850 (N.D. Ill. 1998) ( The FBI suitability and taping guidelines are relevant because they show how far the investigation deviated from procedures which are intended to insure the integrity of evidence which is always relevant. ).

                                                  Respectfully submitted,

Dated: June 2, 2010                        **CHESTNUT CAMBRONNE PA**

                                          By /s/ Brian N. Toder
                                              Brian N. Toder, #17869X
                                              17 Washington Avenue North
                                              Suite 300
                                              Minneapolis, MN  55401
                                              (612) 339-7300
                                              Fax (612) 336-2940

                                              Barbara J. May, #129689
                                              2780 N. Snelling Ave.
                                              Suite 102
                                              Roseville, MN 55113

             (651) 486-8887
            Fax (651) 486-8890

        **ATTORNEYS FOR DEFENDANT**