UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br>　　　　　　Plaintiff,<br><br>v.<br><br>Dennis E. Hecker,<br>　　　　　　Defendant. | Case No. 0:10-CR-32 (01) JNE/SRN<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS COUNTS 1 AND 16** |

Defendant DENNIS E. HECKER, by and through his undersigned counsel, Brian N. Toder, having moved the Court for an order dismissing Counts 1 and 16 of the Superseding Indictment, offers the following memorandum of law in support of his motion.  Counts 1 and 16 present paradigm examples of impermissible charges in that they each allege separate offenses, thereby violating defendant's Sixth Amendment right to a unanimous jury verdict where all jurors are in agreement as to just what the defendant did.

## I.　　COUNT 1 OF THE SUPERSEDING INDICTMENT ALLEGES THREE  DISTINCT AND SEPARATE OFFENSES

Count 1of the Superseding Indictment (hereinafter "Count 1") alleges that defendant 1) was engaged in a conspiracy that presented fraudulently altered documents to lenders (hereinafter the "Chrysler Loan");  2) made false representations to retail customers regarding proceeds intended to pay tax, title

and license (hereinafter the "Retail Sales Proceeds"); and 3) that defendant concealed assets in connection with his bankruptcy (hereinafter "Bankruptcy Assets").

Count 1 unequivocally presents three separate, unrelated, distinct alleged offenses, occurring at different times, involving completely different alleged victims, witnesses and radically different amounts of alleged losses.

This conflation of offenses could result in a conviction where the jurors did not unanimously agree on what conduct constituted guilt, thereby subjecting defendant to a Constitutional train wreck of Biblical proportions.

## II.  COUNT 1 BEING DUPLICITOUS, DISMISSAL OR ELECTION IS INDICATED

Eighth Circuit precedent respecting duplicity in pleadings is strong, well-settled and uniformly indicates dismissal, or alternatively, ordering election of a single offense as the only remedies, when as here the alleged offenses are so disparate. In *U.S. v. Nattier*, 127 F.3d 655 (8th Cir. 1997) the Court succinctly set out the analysis:

> Federal Rule of Criminal Procedure 8(a) provides that the government may charge two or more connected offenses in the same indictment, provided each is charged in a separate count. "Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Street*, 66 F.3d 969, 974 (8th Cir. 1995) (internal quotations omitted). "The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with

2

>respect to a particular offense." *United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994), *cert. denied*, 513 U.S. 1156 (1995). The risk inherent in a duplicitous count, however, may be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act. *Id.*

*Nattier*, 127 F.3d at 657.

The matter at bar is not one of those kinds of cases where a limiting instruction can provide a cure.  In *Nattier*, the two offenses charged in the same count were conspiracy (1) to embezzle funds and (2) to launder the unlawful proceeds of the embezzlement. The relevant instruction stated as follows:

>It would be sufficient if the Government proves, beyond a reasonable doubt, a conspiracy to commit one of those offenses; but, in that event, in order to return a verdict of guilty, you must unanimously agree upon *which* of the two offenses was the subject of the conspiracy. If you cannot agree in that manner, you must find the defendants not guilty.

*Id*. at 658.

In the instant case there is no connection at all among the three offenses charged in Count 1 other than a singular defendant.  Here even if the jury followed such an instruction, it would never be known which of the three alleged offenses were agreed upon in the absence of separate counts, thereby making the application of sentencing guidelines impossible given the disparity in alleged losses among the alleged offenses.

The Court should dismiss Count 1, or alternatively, it should order the government to elect which criminal act it expects to prove at trial.  *U.S. v. Sturdivant*, 244 F.3d 71, 79–80 (2nd Cir. 2001) (threat of prejudice due to duplicity of count can be cured by having government elect to proceed upon only one crime in duplicitous count).

Here the prejudice of defending against three distinct and separate alleged offenses is palpable. The numbers are big and unrelated, both in dollars and the *dramatis personae*. Allowing the government to array such formidable charges in a single count deprives defendant of his Constitutional right to due process of law.

### III.   COUNT 16 IS SIMILARILY DUPLICITOUS; DISMISSAL OR ELECTION IS INDICATED

The authority and analysis cited *supra* applies directly to Count 16 of the Superseding Indictment (hereafter "Count 16"). Count 16 charges that defendant "knowingly and fraudulently made a materially false certification, verification, and statement under penalty of perjury . . . ." It then enumerates no fewer than eight distinct and separate allegedly false statements or omissions. Each of these allegedly false statements or omissions concern different events and items, requiring different witnesses, proof and defenses. What was said respecting Count 1 applies equally to Count 16; a jury could convict without agreeing unanimously on just what conduct constituted guilt, and because of the disparity of the individual alleged statements, Count 16 cannot be cured with an instruction.

Having defendant prepare separate defenses for a single count is unfairly prejudicial. Count 16 must be dismissed, or the Court should order the government to elect a single offense.

### CONCLUSION

The cure for the failure of Counts 1 and 16 to comply with the safeguards of the Due Process Clause and the Sixth Amendment is dismissal of the counts or ordering the

government to elect single alleged offenses in each, and defendant respectfully beseeches the Court to dismiss or so order.

                                                    Respectfully submitted,

Dated:  June 2, 2010                                **CHESTNUT CAMBRONNE PA**

                                            By /s/  Brian N. Toder
                                                 Brian N. Toder, #17869X
                                                 17 Washington Avenue North
                                                 Suite 300
                                                 Minneapolis, MN  55401
                                                 (612) 339-7300
                                                 Fax (612) 336-2940

                                                 Barbara J. May, #129689
                                                 2780 N. Snelling Ave.
                                                 Suite 102
                                                 Roseville, MN 55113
                                                 (651) 486-8887
                                                 Fax (651) 486-8890

                                      **ATTORNEYS FOR DEFENDANT**