UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Dennis E. Hecker,<br><br>Defendant. | Case No. 0:10-CR-32 (01) JNE/SRN<br><br>**DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE** |

Defendant Dennis E. Hecker, by and through his undersigned counsel moves the Court for an order modifying his conditions of release.[1]

This motion is brought pursuant to 18 U.S.C. § 3142(c)(3) which provides that a "judicial officer may at any time amend the order [setting conditions of release] to impose additional or different conditions of release."

On February 11, 2010, this Court issued its order Setting Conditions of Release (Doc. No. 16) which in pertinent part provides that, "The defendant's travel shall be restricted to Minnesota unless approved by the Court." That same order also provided for "Radio Frequency (RF) Monitoring."

---

[1] Defendant previously moved the Court for an order permitting him to move to Crosslake (Doc. No. 92), but this motion was subsequently withdrawn. Dkt. No. 94. The instant motion seeks a more limited order, i.e., permission to travel in Minnesota within 150 miles of the metro area.

On February 12, 2010, this Court issued its Amended Order Setting Conditions of Release (Doc. No. 28.) to replace Radio Frequency Monitoring with "Active Global Positioning Satellite (GPS) Monitoring."

On February 25, 2010, defendant moved the Court seeking permission to travel to his Crosslake home. (Doc. No. 29.) This Court, the Honorable Franklin L. Noel presiding, denied that motion on February 26, 2010. (Doc. No. 31.)

Defendant's undersigned counsel has previously been advised by U.S. Probation Officer David Drake that he has no objection to defendant making regular trips to Crosslake.

Defendant's grounds are that he is a father who wants to spend quality time with his children. His ability to enjoy the summer with his children is unfairly constrained by limitations on his freedom of movement. Moreover, the limitations imposed effect his mental health and are generally unwarranted given how defendable the charges against him have turned out to be.

The government's argument that defendant is a flight risk and therefore undeserving of any accommodation ignores the fact that he continuously wears a GPS monitoring device and would still be confined (by order) to Minnesota.

That argument failing, the Government emphasizes that defendant

suffered an $83,000 non-dischargeable judgment in the Bankruptcy Court.[2] It is unclear why this would make defendant more of a flight risk. The Bankruptcy Court judgment was not a judgment based on the merits of his case. It was a sanction occasioned by the conduct of defendant's bankruptcy counsel. In fact the Honorable Robert J. Kressel, U.S. Bankruptcy Judge wrote in his opinion, "It is a well-established principal that a party is responsible for the actions and conduct of his [or her] counsel and that, under appropriate circumstances, dismissal or default may be entered against a party as a result of counsel's actions." How this decision makes defendant a flight risk simply defies logic.

Moving on with the Government's previous enumerations of facts[3] that it believes provides evidence of flight risk, the Court is beseeched to consider that what the Trustee "has determined" would not survive the most elementary cross-examination, and if it did, it would not demonstrate that defendant is a flight risk.

Christi Rowan's involvement or lack thereof is not material to any

---

[2] Dkt. No. 30, Government's Opposition to Motion to Modify Conditions of Release.

[3] Doc. No. 30, Government's Opposition to Motion to Modify Conditions of Release.

determination that defendant is a flight risk.

Defendant no longer has ties to Mexico any more than most American tourists have. He has no property in Mexico.

Most importantly, defendant will likely be acquitted of all charges; therefore, he has every incentive to not be a flight risk. Flight and inevitable apprehension would extinguish his ability to clear himself of these charges.

The balances for the relief sought are in defendant's favor. Examining 28 U.S.C. § 3142(g) factors to be considered:

> (1) Defendant is not charged with a crime of violence, terrorism, one involving a minor victim, controlled substance, firearms or explosive device.
>
> (2) The weight of evidence against the most serious charges is flimsy at best. If the primary fraud count fails, so do the wire fraud and money laundering counts. The bankruptcy count carries a maximum penalty of five years, hardly in a class of cases that would suggest flight as a solution.
>
> (3) Defendant has no criminal history or history of alcohol abuse and historically has had very strong ties to the community. Over 1,600 families and over 100 businesses depended on defendant, and he is a benefactor to countless charities and civic organizations. He has many friends in the community who have acquired and maintain successful businesses due to defendant's generosity and counsel.

## CONCLUSION

Defendant's Motion should be granted allowing him to travel in Minnesota within 150 miles of the metro area so he can recreate with his children as other citizens do. He is not a flight risk.

Dated: June 8, 2010                                    **CHESTNUT CAMBRONNE PA**

By /s/ Brian N. Toder
    Brian N. Toder, #17869X
    17 Washington Avenue North
    Suite 300
    Minneapolis, MN  55401
    (612) 339-7300
    Fax (612) 336-2940

    Barbara J. May, #129689
    2780 N. Snelling Ave.
    Suite 102
    Roseville, MN 55113
    (651) 486-8887
    Fax (651) 486-8890

**ATTORNEYS FOR DEFENDANT**