# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                   Crim. No. CR-10-32 JNE/SRN


      Plaintiff,


      v.                                                **ORDER**

Dennis Earl Hecker (01), and
Steven Joseph Leach (02),


        Defendants.

---

Nicole A. Engisch, David M. Genrich and Nancy E Brasel, United States Attorney's Office, 300 South Fourth St., Minneapolis, Minnesota 55414,  for Plaintiff United States of America

Brian N. Toder, Chestnut Cambronne, P.A., 17 Washington Avenue North, Suite 300, Minneapolis, Minnesota 55401, for Defendant Dennis Earl Hecker (01)

Robert D. Sicoli, Law Offices of Robert D. Sicoli, Ltd., 8000 Flour Exchange Building, 310 Fourth Avenue South, Minneapolis, Minnesota 55414, for Defendant Steven Joseph Leach (02)

---

SUSAN RICHARD NELSON, United States Magistrate Judge

      The above entitled matter came before the undersigned United States Magistrate Judge

on the following motions of Defendant Hecker: Motion for Additional Peremptory Challenges

(Doc. No. 117); Motion for Disclosure and Suppression of Wire Taps, Oral Communications or

Other Electronic Eavesdropping (Doc. No. 118); Motion for Disclosure of Government

Witnesses (Doc. No. 119); Motion for Disclosure of Rule 404(b) Evidence (Doc. No. 121);

Motion for Discovery and Inspection (Doc. No. 123); Motion for Early Compliance with the

Jencks Act (Doc. No. 127); Motion for Early Disclosure of Post-Conspiracy Statements of Co-

1

Defendant (Doc. No. 129); Motion to Produce Exhibit List (Doc. No. 130); Motion for Counsel

to Participate in Voir Dire (Doc. No. 132); Motion to Adopt Motions of Co-Defendant (Doc. No.

135); Motion to Compel Disclosure of Evidence Favorable to Defendant (Doc. No. 136); Motion

for Disclosure of Informants and to Make Informants Available for Interview (Doc. No. 138);

Motion to Modify Conditions of Release (Doc. No. 142); Motion to Retain Rough Notes (Doc.

No. 143); and Motion for Jury Questionnaire (Doc. No. 147).

The following motions of Defendant Leach are also before the Court: Motion to Sever

(Doc. No. 101); Motion for Disclosure of Jencks Act Material (Doc. No. 103); Motion for

Release of Brady Materials (Doc. No. 105); Motion for Government Witness List (Doc. No.

107); Motion for Disclosure of Government Exhibit List (Doc. No. 109); Motion for Disclosure

of Expert Witnesses (Doc. No. 111); Motion for Disclosure of 404(b) Evidence (Doc. No. 112);

and Motion to Retain Rough Notes (Doc. No. 113).[1]

The Government has also filed Motions for Discovery with respect to each Defendant

(Doc. Nos. 32 & 33.)  This case has been referred to the undersigned for resolution of pretrial

matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

I.    **DISCUSSION**

    A.    **Defendant Hecker's Motion for Disclosure and Suppression of Wire Taps**

Defendant Hecker moves the Court for an Order directing the Government to disclose all

logs, records, memoranda, documents and recordings relating to wire taps or electronic

surveillance used in its investigation of Mr. Hecker.  Mr. Hecker also moves for the suppression

---

[1] The Court will address Defendants' dispositive motions in a separate Report and Recommendation.

of any such evidence, both in the instant motion and in a separately filed Motion to Suppress

Wire Taps, Oral Communications & Other Electronic Eavesdropping (Doc. No. 148).  The

Government represents that it utilized no wiretaps or electronic surveillance in its investigation.

Because the Government used no wire taps or electronic surveillance in its investigation

of Mr. Hecker, his motion for disclosure of such evidence is denied as moot.  Also, because

Defendant Hecker has filed a separate suppression motion on this subject, which the Court will

address in its forthcoming Report & Recommendation, the Court denies as moot the portion of

the instant motion seeking to suppress such evidence.

### B.      Defendant Leach's Motion for Expert Witness Disclosure

Defendant Leach seeks expert witness disclosures pursuant to Federal Rule of Criminal

Procedure 16(a)(1)(G), specifically moving for the production of expert witness reports and

summaries of expert testimony 21 days before trial.  The Government requests that all Rule 16

expert disclosures, applicable to all parties, be made no later than three weeks before trial.

Because the Government and Defendant Leach both request a three-week period in

advance of trial for expert disclosures, it shall be granted.  Under the Federal Rules of Criminal

Procedure, if the defendant requests expert disclosure and the government complies, the

government is then entitled, under Rule 16(b)(1)(C), to reciprocal discovery of the same

information from the defendant.  Fed. R. Civ. P. 16(b)(1)(C)(I).  Accordingly, all expert

disclosures shall be made no later than three weeks prior to trial and any rebuttal expert

disclosures shall be made one week prior to trial. This ruling applies mutually to the Government

and the Defendants and the timing requirement provides all parties with sufficient notice of

expected expert testimony and time to prepare a focused cross-examination of experts.  <u>See</u> Fed.

R. Crim. P. 16, Advisory Committee Notes, 1993 Amendment ("although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion").

### C.      Defendants' Motions for Disclosure of Government Witnesses

Defendants request that the Government provide a list of the witnesses that the Government intends to call at trial, with Defendant Hecker requesting the witness list at least 60 days before trial and Defendant Leach requesting the list one week before trial.  Both Defendants acknowledge that there is no authority under Rule 16(a) requiring the disclosure of prospective witnesses, but argue that courts nevertheless possess the authority to order the production of witness lists for the efficient administration of justice.  (See Def. Hecker's Mem. Supp. Mot. Disclosure Govt. Witnesses at 1; Def. Leach's Mem. Supp. Mot. for Witness List at 2.)  Mr. Hecker further argues that such disclosure is particularly warranted in complex conspiracy cases, citing United States v. Turkish, 458 F.Supp. 874 (S.D.N.Y. 1978).  He also cites United States v. Vitale, 728 F.2d 1090 (8th Cir. 1984), in which the Eighth Circuit affirmed the district court's ruling that required the government to disclose the names of prospective witnesses four days before trial.  Mr. Hecker argues that the early production of government witness lists will eliminate unfair surprise and allow counsel to adequately prepare for trial.  (Def. Hecker's Mem. Supp. Mot. Disclosure Govt. Witnesses at 2) (citing Gregory v. United States, 369 F.2d 185, 197-89 (C.C.A. 1966) and United States v. Greene, 497 F.2d 1068, 1082 (7th Cir. 1974)).  Mr. Hecker contends that the common arguments against disclosure of government witness lists – witness intimidation and subordination of perjury – are inapplicable in this case.  (Id.) (citing United States v. Cannone, 528 F.2d 296, 301 (2d Cir. 1975) and United States v. Cole, 449 F.2d

194, 198 (8th Cir. 1971)).

The Government objects to Defendants' requests for witness disclosure.  Contrary to Defendant Hecker's assertions, the Government argues that it has had concerns about witness intimidation in this case and has communicated this in writing to Mr. Hecker's prior counsel. (Id. at 2, n. 1.)  Notwithstanding its concerns, the Government does not object to an order requiring the production of the parties' witness lists one week before trial, so long as the order applies equally to all parties.

"[C]riminal defendants have no right in noncapital cases to require disclosure of the list of government witnesses under Fed.R.Crim.P. 16(a)," although courts may order such disclosure in their discretion.  United States v. White, 750 F.2d 726, 728 (8th Cir. 1984).  While it is true that district courts have the authority to order such disclosure, even in the sole Eighth Circuit case cited by Defendant Hecker, Vitale, 728 F.2d at 1093, the court ordered the disclosure to occur four days before trial, not 60 days as Defendant Hecker requests.  Balancing the competing interest of providing the Defendants with the information necessary for a full defense, against the need to protect the Government's witnesses, see Vitale, 728 F.2d at 1093, the Court orders the production of all parties' witness lists one week prior to trial.  Accordingly, Defendant Hecker's motion is granted in part, and denied in part, and Defendant Leach's motion is granted.

### D.    Defendants' Motions for Disclosure of Government's Exhibit List

Both Defendants move for the disclosure of the Government's exhibit list, with Mr. Hecker requesting the list 60 days before trial and Mr. Leach requesting the list one week before trial.  Defendants argue that because this case involves a voluminous quantity of documents, the interests of fairness and expediency weigh heavily in favor of the production of an exhibit list.

5

The Government does not object, however requests that all parties be required to produce an exhibit list one week before trial.

The Federal Rules of Criminal Procedure do not require the production of an exhibit list. However, to promote the orderly administration of justice, courts may order the production of such information.  See United States v. Martin, 02-CR-127 (ADM/AJB) 2002 WL 31455501 (D. Minn. Nov. 1, 2002) (ordering mutual exchanges of exhibit and witness lists).  In light of the large volume of documents involved in this case, the Court orders that all parties produce an exhibit list one week prior to trial.   As noted, Defendant Leach requested this production one week prior to trial and the Government did not object.  Accordingly, Defendant Leach's motion is granted.  Because Defendant Hecker requested disclosure sixty days prior to trial and the Court is ordering production one week in advance of trial, his motion is granted in part, and denied in part.[2]

### E.    Defendant Hecker's Motion for Disclosure of Informants and to Make Informants Available for Interview

Defendant Hecker seeks the disclosure of the names and addresses of any informants or cooperating witnesses and other information regarding informants.  In addition, he seeks an order requiring the Government to make such informants available for interview.

The Government objects to Defendant Hecker's motion seeking the disclosure of informant information and compelled  interviews.  Notwithstanding its objections, the Government agrees to make any informant identity disclosures in accordance with its obligations

---

[2]  On a related note, at the criminal motions hearing, counsel for Defendant Leach requested that documents on the Government's witness list be bates stamped so as to avoid possible confusion at trial.  Counsel for the Government agreed to bates stamp such documents.

under <u>Roviaro v. United States</u>, 353 U.S. 59 (1957), <u>Giglio</u> and the Jencks Act.  At the criminal

motions hearing, counsel for the Government stated that it does not intend to call as witnesses or

rely on informants at trial, but to the extent that a particular individual has confidentially

provided information to the Government, it will produce all Rule 26.2 materials, all Jencks Act

material and all <u>Giglio</u> material relating to such witnesses, including all promises and incentives

for testimony.

 In <u>Roviaro</u>, the Supreme Court recognized the government's privilege to withhold the

identity of informants.  353 U.S. at 59.  However, the government is obliged to disclose the

identity of a confidential informant "[w]here the disclosure of an informer's identity, or of the

contents of his communication, is relevant and helpful to the defense or the accused or is

essential to a fair determination of a cause."  <u>Id.</u>  The Eighth Circuit has elaborated on the

circumstances in which this duty applies, holding that if an informant is an active participant in

the charged conduct, his identity is "almost always" material and the government must make

every reasonable effort to make the informant available to the defendant.  <u>United States v.</u>

<u>Sanchez</u>, 429 F.3d 753, 756 (8th Cir. 2006).

 Here, the Government has not utilized informants.  In an abundance of caution, the

Government represents that, as to persons who may have confidentially provided information,

the Government will make all necessary disclosures in accordance with its obligations under the

law.   The Court therefore denies Defendant Hecker's motion as moot.

 **F.** **Defendants' Motions to Retain Rough Notes**

 Defendants move for an order compelling the Government's attorneys and agents to

retain their rough notes.  The Government does not object to an order directing its agents to

retain their rough notes and will instruct its agents accordingly.  However, the Government does
object to any requirement that such notes be produced.

Although it does not appear that Defendants seek the production of rough notes, notes
made by government agents during investigations are not subject to discovery under
Fed.R.Crim.P. 16(b), or the Jencks Act, 18 U.S.C. § 3500.  United States v. Roell, 487 F.2d 395,
401 (8th Cir. 1973).  However, because the Government has agreed to instruct its agents to retain
any rough notes, Defendants' motions are denied as moot.

> **G.**     **Defendants' Motions for Release of <u>Brady</u> Materials/Evidence Favorable to
> Defendants**

Defendants move the Court for an Order directing the Government to provide disclosure
of any exculpatory evidence and impeaching information, consistent with <u>Brady v. Maryland</u>,
373 U.S. 83 (1963) and <u>United States v. Giglio</u>, 405 U.S. 150 (1972).

The Government does not object to Defendants' motions in so far as they request
compliance with applicable case law regarding the disclosure of evidence that is both favorable
to the defense and material to guilt or punishment.   As the Government agrees to comply with
its obligations, the Court denies Defendants' motions as moot.

> **H.**     **Defendants' Motions for Disclosure of Rule 404(b) Evidence**

Defendants move the Court for an Order compelling the Government to give notice of its
intention to use at trial evidence of "other crimes, wrongs or acts" pursuant to Fed. R. Evid.
404(b).  Defendant Hecker requests that such disclosures occur at least 60 days prior to trial,
while Defendant Leach requests that such disclosures occur at least 14 days before trial.

 The Government represents that it will comply with its obligations and offers to notify
the defense of any Rule 404(b) evidence that it intends to use at trial no later than ten days prior

to trial**.**

The Advisory Committee Notes to Rule 404(b) state, "Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes reasonable notice will depend largely on the circumstances of each case." Fed. R. Evid. 404(b), Advisory Committee Notes, 1991 Amendments. As the Government has agreed to comply with its notice obligations under Fed. R. Evid. 404(b), the Court denies Defendants' motions as moot and orders the Government to provide any information no later than ten days prior to trial.

## I. Defendants' Motions for Disclosure of Jencks Act Material

Defendant Hecker requests that the Government be required to produce Jencks Act material no later than 30 days before trial and Defendant Leach requests that the Government be required to disclose such material no later than 14 days before trial.

The Government objects to Defendants' proposals for early production of Jencks Act material, as it is not required by law. Nevertheless, the Government agrees to voluntarily produce such material two weeks prior to trial and requests that any order requiring it to produce Jencks Act material be reciprocal.

Counsel for Mr. Leach objects to the Government's request for reciprocity, to the extent that it requires materials to be produced simultaneously. Rather, Mr. Leach requests that the Government produce its Jencks Act materials two weeks prior to trial and that Defendants produce their material one week prior to trial.

The applicable portion of the Jencks Act provides:

In any criminal prosecution brought by the United States, no statement or report in possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery or inspection until said witness has testified on direct

9

examination in the trial of the case.

18 U.S.C. § 3500(a).  The Federal Rules of Criminal Procedure specify that Rule 16 does not authorize the discovery of statements made by prospective government witnesses, except as provided pursuant to the Jencks Act.  Fed. R. Crim. P. 16(a)(2).  "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial [as here], the government may not be required to do so."  United States v. White, 750 F.2d 726, 729 (8th Cir. 1984).

The Court denies as moot Defendants' motions seeking the disclosure of Jencks Act material, given the Government's agreement to provide any such material two weeks prior to trial.  The requirements of Rule 26.2, containing the substance of the Jencks Act, apply to all parties.  Because the Government has agreed to disclose information that it is not otherwise obliged to provide in advance of trial, this Court's ruling is reciprocal.  The Court therefore directs the Government and the Defendants to provide any Jencks Act material no later than two weeks prior to trial.

**J.      Defendant Hecker's Motion to Compel Disclosure of Post-Conspiracy Statements of Co-Defendant**

Defendant Hecker, citing Fed. R. Crim. P. 16(C) and Bruton v. United States, 391 U.S. 123 (1968), moves for an order requiring the Government to give notice of its intent to introduce into evidence the post-conspiracy statements of any defendant or unindicted co-conspirators, along with the designation of statements which the Government intends to introduce at trial. Defendant also seeks leave to file motions for severance, suppression and/or *in limine*, as indicated by the Government's response and review of the relevant Bruton materials.

The Government objects to Defendant Hecker's motion, arguing that such evidence is not

10

discoverable under Rule 16, and the Government is not required to disclose such statements at this time.  Rather, the Government agrees to provide such statements as it would any other Jencks Act material.  In addition, the Government objects to Defendant Hecker's request to reserve the right to file future motions for severance or suppression, because the Government deems this issue ripe for resolution.  The Government does not object, however, to Defendant Hecker's request for leave to file *in limine* motions on the basis of such co-conspirator statements, as appropriate.

Rule 16 does not require the disclosure of the information sought by Defendant Hecker and the Government is not required to make such disclosures at this time.  See, e.g., United States v. Hoelscher, 914 F.2d 1527, 1535 (8th Cir. 1990).  As to Defendant Hecker's request for leave to file *in limine* motions in the future, counsel for Mr. Hecker stated at the motions hearing that because the Government does not object to this reservation of rights, his motion is essentially moot in this regard.  Therefore, the Court denies as moot his request for leave to file future *in limine* motions regarding such co-conspirator statements.

Regarding the portion of this motion in which Defendant Hecker seeks to reserve his right to bring future motions for severance or suppression, it is denied.  As this Court clearly ordered, the deadline for filing pretrial motions was June 10, 2010.  (Order of 6/2/10, Doc. No. 115; see also Fed. R. Crim. P. 12(e)).

### K.    Defendant Hecker's Motion for Discovery

Pursuant to Fed. R. Crim. P. 16, Mr. Hecker moves the Court for an Order requiring the discovery and inspection of various items in the Government's possession, custody or control. In addition to the general discovery commonly requested under Rule 16 discovery motions, Mr.

Hecker's Rule 16 Motion functions as a catch-all request, including categories of discovery not authorized by Rule 16 and more properly framed as separate motions – and, in fact, Defendant Hecker did file separate motions for many categories of discovery included in this Rule 16 Motion, which this Court has addressed, *supra*.   The Government avers that it has provided documents and information above and beyond the requirements of Rule 16 and will continue to supplement its production well in advance of trial.   Therefore, as to those materials ordinarily encompassed by Rule 16 discovery motions and requested by Defendant Hecker, his motion is denied as moot.

    With respect to Defendant Hecker's more specific discovery requests included in this motion, the Government's response and the Court's rulings are as follows:

### 1.    Items Material to Preparing the Defense

The Government represents that it has complied with its obligations under Rule 16 and will continue to do so.   In light of the Government's response, this portion of Defendant Hecker's motion is denied as moot.

### 2.    Evidence that the Government Intends to Present in its Case-in Chief

Again, the Government represents that it has complied with its Rule 16 obligations and will continue to do so.   Accordingly, this portion of Mr. Hecker's Rule 16 Motion is denied as moot.

### 3.    Witness List and Exhibit List

Defendant Hecker seeks the production of the Government's witness list and exhibit list no later than 60 days before trial. A more detailed discussion of these categories of discovery, including the Government's responses and the Court's analyses, is found *supra,* in the section of

this Order addressing Defendant Hecker's Motion for Disclosure of Government Witnesses and Defendant Hecker's Motion to Produce Exhibit List.

The Court orders the production of all parties' witness lists one week prior to trial. This portion of Mr. Hecker's Rule 16 Motion is therefore granted in part, and denied in part.

As to the production of exhibit lists, in light of the large volume of documents involved in this case, the Court orders that all parties produce an exhibit list one week prior to trial. This portion of Mr. Hecker's Rule 16 Motion is granted in part, and denied in part.

### 4. Defendant Hecker's Statements

The Government represents that it has complied with its obligations under Rule 16 with respect to any statements made by Mr. Hecker and that it will continue to supplement its production well in advance of trial. As the Government agrees to comply with Rule 16, this portion of Mr. Hecker's Rule 16 Motion is denied as moot.

### 5. Expert Witnesses and Reports

Defendant Hecker moves the Court for an order directing the Government to make all expert witness disclosures available 60 days prior to trial. The Government requests that the Court order that all Rule 16(a)(1)(G) disclosures, including those of the Government and Defendants, be made no later than three weeks before trial, with any rebuttal expert disclosures to be made one week prior to trial.

For a more detailed discussion of this subject, see *supra*, regarding Defendant Leach's Motion for Expert Witness Disclosure. All expert witness disclosures, mutually applicable to the Government and the Defendants, shall be made no later than three weeks prior to trial and any rebuttal expert disclosures shall be made one week prior to trial. This portion of Defendant

Hecker's Rule 16 Motion is therefore granted in part, and denied in part.

### 6.    Reports of Examination and Tests

Defendant Hecker moves for the production of documents related to any laboratory tests performed. (Def. Hecker's Mot. Disc. & Inspection at 3, ¶ 10.)  The Government maintains that it has no reports of any physical or mental examinations or scientific tests or other material covered by Rule 16(a)(1)(F).  This portion of Defendant Hecker's Rule 16 Motion is therefore denied as moot.

### 7.    Personnel Files of Government Witnesses

At the criminal motions hearing, counsel for Defendant Hecker withdrew this portion of his Rule 16 Motion seeking personnel files of witnesses for the Government.

### 8.    Information Received from Trustee

Defendant Hecker seeks all documents relating to communications between the Bankruptcy Trustee and the Government.

In a February 20, 2010 "Notice of Waiver of Privileges" filing in Mr. Hecker's bankruptcy proceedings in United States Bankruptcy Court, In re Dennis E. Hecker, 09-BKY-50770 (Bankr. D. Minn.), Randall Seaver, the Hecker bankruptcy trustee ("Bankruptcy Trustee"), identified several corporate entities which had been owned by Mr. Hecker, the debtor, and identified counsel associated with those corporate entities.  (See "Bankruptcy Waiver," Ex. A to Decl. of Peter S. Johnson in Supp. Def. Hecker's Mot. Disc. & Inspection, Doc. No. 125 at 8.)  The Bankruptcy Trustee, on behalf of the Hecker corporate entities, waived all attorney-client and work product privileges existing between the corporate entities and their counsel. (Id.)

On March 3, 2010, counsel for the Government wrote to the Bankruptcy Trustee,

14

requesting permission to access corporate communications and other documents covered by the waiver.  (See Letter of 3/10/10 from N. Brasel to R. Seaver, Ex. A to Johnson Decl., Doc. No. 125 at 6-7.)  The Government indicated that it was not seeking any waiver or consent with respect to the Bankruptcy Trustee and his counsel and further stated, "[I]t is our understanding that you do not and cannot waive any individual's privilege, including any privilege of Mr. Hecker's.  Thus, we do not seek a waiver of any individual privilege, nor do we seek your consent to obtain any individually privileged communications."  (Id. at 6.)  The Bankruptcy Trustee consented to the Government's request the following day.  (See Letter of 6/7/10 from N. Brasel to B. Toder & R. Sicoli, Ex. A to Johnson Decl., Doc. No. 125 at 5.)

The Government represents that on March 26, 2010, it notified Mr. Hecker's former criminal defense counsel, William Mauzy, of the privilege and work product waiver.  In addition, the Government reports that when counsel for the Bankruptcy Trustee, Matt Burton, sought to communicate with counsel for one of the corporate Hecker entities, Bruce Parker, in reliance on the privilege waiver, Mr. Parker first contacted Mr. Hecker's bankruptcy counsel, William Skolnick, to determine if he had any objection based on privilege.  No objection was raised.

Defendant Hecker's motion regarding the Bankruptcy Trustee documents is a subpart of his general Rule 16 Motion.  He specifically requests an order requiring the Government to identify, copy and provide all communications and documents for which the Bankruptcy Trustee's waiver of corporate privilege applies.  (Def. Hecker's Mem. Supp. Mot. Discovery & Inspection at 6-8.)  Defendant Hecker asserts, "As a threshold matter, Mr. Hecker objects to the government acquisition of such communications and documents on the grounds that he continues

to hold the privileges and hereby provides notice that he is not waiving any further ability to challenge such evidence once it is specifically identified, which identification is the gravamen of Mr. Hecker's instant motion." (Id. at 7.)  In addition, Mr. Hecker specifically seeks production of documents that former Hecker employee James Gustafson was ordered to provide to the Bankruptcy Court and transcripts from the Rule 2004 examinations with the Trustee.

The Government objects to this portion of Mr. Hecker's motion on several grounds. First, the Government asserts that, in compliance with its discovery obligations, it has provided both Defendants materials or access to materials without withholding any potentially privileged documents. Therefore, the Government argues that Defendant Hecker's request for the production of such documents is moot, as they have been among the documents available to counsel.

Second, the Government objects to Defendant Hecker's request for leave to file future, unspecified motions related to the Bankruptcy Trustee documents.  The Government contends such a request is inappropriate and in violation of the Court's Pretrial Order, which provided a firm deadline for the filing of defense motions, and that this issue is ripe for resolution at this time.  Leaving this issue open, the Government argues, will result in unnecessary prejudice to the Government.  (Govt.'s Resp. to Def. Hecker's Pretrial Mot. at 8.)

Third, the Government argues that Defendant Hecker intentionally declined to challenge the Trustee's waiver in Bankruptcy Court, or in any other forum, and cannot now raise a challenge.  Even if he could assert a challenge to the Trustee's waiver, the Government argues that it should be rejected because, as a matter of law, the Trustee's waiver was valid.  The Government requests that the Court enter an order finding that Defendant Hecker cannot

16

challenge the Bankruptcy Trustee's waiver of corporate privilege.

As noted, the deadline for filing pretrial motions was June 10, 2010. (Order of June 10, 2010, Doc. No. 115.)   Pursuant to Fed. R. Crim. P. 12(e), if a party fails to file a pretrial motion before the filing deadline, the party waives that issue.   Because this issue is ripe for resolution now, in the future, Defendant Hecker may not revive this motion asserting privilege and work product protection over the corporate entities' communications.

Defendant Hecker's challenge to the Bankruptcy Trustee's waiver of privilege is untimely.  By filing the Notice of Waiver or Privileges in February, the Bankruptcy Trustee put Defendant Hecker on notice, providing him with an opportunity to assert an objection at that time.  Although represented by skilled bankruptcy and criminal defense counsel, Mr. Hecker chose not to challenge the Trustee's waiver of privilege.

In March, the Government communicated with the Bankruptcy Trustee to confirm that it was permitted access to the documents in question pursuant to the Trustee's waiver.  Moreover, the Government confirmed that it was not seeking access to any <u>individually-privileged communications</u> for which Mr. Hecker might claim an individual privilege, nor any communications between the Bankruptcy Trustee and his counsel.  (<u>See</u> Letter of 3/10/10 from N. Brasel to R. Seaver, Ex. A to Johnson Decl., Doc. No. 125 at 6-7.)

At some point during the bankruptcy proceedings, counsel for the Bankruptcy Trustee contacted Mr. Hecker's bankruptcy counsel to ask whether there was any privilege objection to the Trustee's counsel communicating with counsel for one of the Hecker corporate entities listed on the Notice of Waiver of Privileges.  There was no objection.

Later in March, the Government provided Defendants with copies of its correspondence

17

with the Trustee concerning waiver of privilege.  At no time did counsel for Mr. Hecker object to

the waiver of privilege until the filing of the instant motion on June 10, 2010.  In the meantime,

both the Trustee and the Government, in reliance on the lack of any challenge by Defendant

Hecker, have accessed the documents at issue.   Defendant Hecker has failed to demonstrate

good cause for his failure to timely object.  Accordingly, at this late date, Mr. Hecker is

precluded from challenging the Bankruptcy Trustee's waiver of corporate privileges.  The

Government has limited its access to only those documents for which the corporate waiver

applies, and specifically has not sought access to any individually-privileged communications.

Therefore, this ruling is confined to the corporate communications for which the Bankruptcy

Trustee waived attorney-client privilege and work product protection.   Both the Bankruptcy

Trustee and the Government have acted in reliance on that waiver and to permit a challenge at

this point would be unfair and prejudicial.  The Court finds that Defendant Hecker has

knowingly waived the opportunity to challenge, now and in the future, the Trustee's waiver of

the privilege as to corporate communications and his motion is accordingly denied.

In addition to this procedural failing, on the merits, the law is crystal clear that

bankruptcy trustees possess full authority to waive corporate attorney-client and work product

privileges.  The Supreme Court has held that a bankruptcy trustee has the authority to waive a

debtor corporation's attorney-client privilege, reasoning:

> . . . [I]t is clear that the trustee plays the role most closely analogous to that of a
> solvent corporation's management. Given that the debtor's directors retain
> virtually no management powers, they should not exercise the traditional
> management function of controlling the corporation's attorney-client privilege,
> unless a contrary arrangement would be inconsistent with policies of the
> bankruptcy laws.

Commodity Futures Trading Com'n v. Weintraub, 471 U.S. 343, 351-53 (1985); see also, Citibank, N.A. v. Andros, 666 F.2d 1192, 1195 (8th Cir. 1981) (holding that right to assert or waive attorney-client privilege passes with property of corporate debtor to trustee in bankruptcy); In re: Bame v. Bame, 251 B.R. 367, 374-75 (Bankr. D. Minn. 2000) (holding that upon appointment of Chapter 7 trustee, attorney-client privilege is trustee's privilege, to waive or assert, as trustee sees fit.)

By filing his bankruptcy petition, Defendant Hecker's assets became the property of the bankruptcy estate.  See 11 U.S.C. § 541; Weintraub, 471 U.S. at 351-53.  The estate's assets included stock previously held by Defendant, including 99% or 100% of the ownership of the corporate entities identified in the Bankruptcy Trustee's February 2010 Notice of Waiver.  The transfer of that ownership interest gave the Bankruptcy Trustee the full authority to exercise or waive corporate privileges, formerly possessed by Defendant Hecker.  Defendant Hecker's motion is therefore also denied on the merits.

Finally, as to Defendant Hecker's request that the Government identify the documents in question,  the Government represents that it has made available to Defendants all communications between it and the Bankruptcy Trustee and all documents received from the Trustee.  The Government agrees to provide the requested Gustafson materials as well as the Rule 2004 examination transcripts.  In addition, counsel for Defendant Leach has offered to share the Bankruptcy Trustee documents in his possession.  When counsel for Mr. Hecker was asked by the Court if he had requested documents from the Trustee himself, he conceded that he had not.  It appears that the documents in question are readily available from a variety of sources and it is not the Government's responsibility to further identify the information for Defendant

Hecker.  This portion of Defendant Hecker's motion is denied as moot.

**L.     Defendant Hecker's Motion to Modify Conditions of Release**

Defendant Hecker moves the Court for an order modifying his conditions of release,

permitting him to travel in Minnesota within 150 miles of the Twin Cities metropolitan area,

with no curfew.  The Government strongly opposes the motion, noting that this is Mr. Hecker's

fourth such motion and that to the extent his circumstances have changed, they have changed for

the worse, militating against any modification of conditions.

On February 11, 2010, at Defendant Hecker's First Appearance, the United States

Pretrial Services Office submitted a bond report indicating that Mr. Hecker presented a risk of

flight under 18 U.S.C. § 3142.  The Government requested that the Court impose Pretrial

Services' recommendations, which included that Defendant Hecker be restricted to his residence

every day.  Defendant Hecker stipulated to these conditions, negating the need for a full

detention hearing.  (See Govt.'s Resp. Def. Hecker's Pretrial Mots. at 33.)  This Court thereafter

issued an Order Setting Conditions of Release (Doc. No. 16), providing that Defendant's "travel

shall be restricted to Minnesota unless approved by the Court," and further provided for "Radio

Frequency (RF) Monitoring"of Defendant Hecker's whereabouts.

On February 12, 2010, Defendant Hecker requested a modification of conditions to

allow  him to travel to his Crosslake, Minnesota property, expressing a desire to get away from

the media and to spend time with his family.  In addition, Pretrial Services had determined that

RF monitoring was not possible due to particular conditions at Defendant Hecker's residence,

but that comparable "Active Global Positioning Satellite (GPS) Monitoring" was a feasible

substitute.  On February 12, 2010, this Court issued its Amended Order Setting Conditions of

Release, replacing RF Monitoring with GPS Monitoring, denying Defendant Hecker's request

for permission to travel to Crosslake, and clarifying that the term "residence" in the original

order exclusively referred to Mr. Hecker's Medina, Minnesota home. (Am. Order Setting Conds.

Release, Doc. No. 28.)  In addition, the curfew set by Pretrial Services required Defendant

Hecker to be at his residence each evening and did not permit weekend travel to Crosslake or

elsewhere.  (Govt's Resp. to Def. Hecker's Pretrial Mots. at 34.)

On February 25, 2010, Mr. Hecker again sought permission to travel to his Crosslake

home (Def. Hecker's Mot. to Travel, Doc. No. 29), which the Court denied (Order of 2/26/10,

Doc. No. 31).  On May 19, 2010, Defendant Hecker brought a third motion to modify conditions

of release, this time apparently seeking to reside in Crosslake.  (Def. Hecker's Mot. Modify

Conds. Release, Doc. No. 92.)  He represented that he had permission to reside at one of the

cabins at Crosslake and that the bankruptcy receiver welcomed his participation in maintaining

the property.  (Id. at 2-3.)  The Government apparently learned that the bankruptcy receiver did

not welcome Mr. Hecker's participation on the property and that TCF Bank, the mortgage

holder, would have an opportunity to object to Hecker's presence on the property in a Crow

Wing County foreclosure action.  (See Govt.'s Resp. Def. Hecker's Pretrial Mots. at 34.)

Defendant Hecker subsequently withdrew his May 19 motion.  (See Order of 5/26/10, Doc. No.

95.)

In the instant motion, Defendant again seeks to modify his conditions of release, stating

that "he is a father who wants to spend quality time with his children.  His ability to enjoy the

summer with his children is unfairly constrained by limitations on his freedom of movement.

Moreover, the limitations imposed effect [sic] his mental health and are generally unwarranted

given how defendable the charges against him have turned out to be." (Def. Hecker's Mot. Modify Conds. Release at 2, Doc. No. 142.)

Mr. Hecker had the opportunity for a full detention hearing shortly after his First Appearance in February, but agreed to stipulate to the conditions of release. Since that time, he has sought to modify his conditions on several occasions. The Government has opposed each of his motions and this Court has denied any modification to his conditions. Defendant has given no explanation for why he cannot spend quality time with his children in his Medina home, or anywhere in the Twin Cities vicinity during daytime hours. At the criminal motions hearing, his counsel emphasized that Hecker wishes to spend overnight visits at the homes of friends in the Brainerd area.

Defendant Hecker has been indicted by a federal grand jury on multiple counts of fraud and conspiracy, for which he faces a significant sentence, if convicted. As such, he is not at liberty to come and go as he would like by spending vacation time in Brainerd. The Government contends that not all of his assets are yet accounted for and that he has violated the orders of other courts in the various legal proceedings to which he is a party. This Court remains of the opinion that Defendant Hecker poses a serious risk of flight and the pressures of trial will only exacerbate the strain from which he claims to suffer. Since this Court entered the conditions of release, nothing has changed that warrants modification to the conditions, although the Court has duly considered Defendant Hecker's successive, repetitive motions in this regard. The Court denies Defendant Hecker's Motion to Modify Conditions of Release.

### M.      Defendant Leach's Motion to Sever

Defendant Leach moves for a separate trial. Mr. Leach argues that severance is

warranted, given the largely adverse publicity surrounding Mr. Hecker.  Further, he argues, the jury will have "insurmountable difficulty distinguishing the alleged actions of each defendant from the alleged actions of the co-defendant."  (Def. Leach's Mot. Severance at 1.)  Moreover, Mr. Leach argues that evidence that would be inadmissible were they tried separately, may be admitted and considered by the jury, to the prejudice of Defendant Leach.   (Id.)

The Government objects, noting that Mr. Leach is joined with his co-defendant in an indictment alleging wire fraud conspiracy and aiding and abetting wire fraud. The Government argues that joint trials of co-conspirators are strongly favored.  Moreover, the Government contends that Defendant Leach cannot show severe or compelling evidence of undue prejudice that might result from a joint trial and that Mr. Leach's concerns can be adequately addressed through a juror questionnaire, attorney participation in voir dire and clear jury instructions. (Govt.'s Resp. Def. Leach's Pretrial Mots. at 13.)

Federal Rule of Criminal Procedure 8(b) states that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."  In the interests of judicial efficiency and to promote consistent verdicts, there is a preference in the federal system for joint trials of defendants who are indicted together.  Zafiro v. United States, 506 U.S. 534, 537 (1993).  However, under Rule 14(a), if joinder of defendants appears to prejudice a defendant or the government, the court has the discretion to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.  Fed. R. Crim. P. 14(a).

Here, the Superseding Indictment charges both Defendants with violations of 18 U.S.C.

§§ 2; 1343; and 1349 – conspiracy to commit wire fraud and aiding and abetting wire fraud.

Defendant Hecker is additionally charged with money laundering and bankruptcy fraud.  "In

general, persons charged in a conspiracy or jointly indicted on similar evidence from the same or

related events should be tried together." United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989)

(citations omitted.)  The Eighth Circuit has further held, "If the indictment invites joint proof, as

here, the prima facie validity of joinder is shown." United States v. O'Connell, 841 F.2d 1408,

1432 (8th Cir. 1988).

When faced with a motion for severance, the "court must weigh the inconvenience and

expense of separate trials against the prejudice resulting from a joint trial of codefendants."

United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003) (citing United States v. Brim, 630

F.2d 1307, 1310 (8th Cir.1980)).  The movant bears the burden of demonstrating evidence of

"severe or compelling prejudice." Id. (citing United States v. Warfield, 97 F.3d 1014, 1018 (8th

Cir.1996)).  Severance is not required merely because the evidence may be more damaging

against one defendant than others or because the evidence establishes that a conspirator was not

involved during the entire duration of the charged conspiracy. United States v. Frazier, 280

F.3d 835, 844 (8th Cir. 2002) (citations omitted), cert. denied, 537 U.S. 911 (2002).  Moreover,

unless the defendant demonstrates the jury's inability to compartmentalize the evidence against

separate defendants, complaints of "spillover" prejudice are insufficient grounds for severance.

See United v. O'Meara, 895 F.2d 1216, 1219 (8th Cir. 1990), cert. denied, 498 U.S. 943 (1990).

Both Defendants were named in a single conspiracy count (Count 1), and all of the other

charges against Defendant Leach (Counts 2-6; 8-15) are closely related to the operation of the

conspiracy.  There are sufficient allegations that the defendants participated "in the same series

of acts or transactions constituting an offense or offenses" to render the joinder proper.

Fed.R.Crim.P. 8(b).  See United States v. Jackson, 696 F.2d 578, 585 n. 2 (8th Cir.1982), cert. denied, 460 U.S. 1073 (1983).

While Defendant Leach cites to extensive media coverage of Defendant Hecker, arguing that pretrial publicity may result in an unfair trial, the question is whether a prospective juror can set aside any impressions or opinions and reach a verdict based on the evidence presented in court.  See Mastrian v. McManus, 554 F.2d 813, 818 (8th Cir. 1977).   Because all parties contemplate requesting permission for a juror questionnaire and attorney participation in voir dire, such steps, along with clear jury instructions, should eliminate any potential prejudice as a result of pretrial publicity.  See United States v. Box, 50 F.3d 345, 357 (5th Cir. 1995).

Defendant Leach also argues that he will be prejudiced in a joint trial because the bankruptcy fraud counts against Mr. Hecker have nothing to do with him.  The Government responds that, in each of the conspiracy and fraud counts with which Leach has been charged, the Superseding Indictment includes allegations regarding bankruptcy-related conduct. (Superseding Indictment, ¶¶ 19, 37, 58.)  Thus, the bankruptcy-related conduct is part of the original conspiracy and fraud counts and a joint trial will not be prejudicial to Mr. Leach, nor will it be appreciably longer or more complicated as a result.

The Court finds that Defendant Leach has not demonstrated the requisite severe or compelling prejudice justifying the extreme action of severing the Defendants for separate trials. Rather, due to the volume of evidence likely to be entered in this case and the likely length of this trial, on balance, a single trial regarding all issues will best and most efficiently conserve the resources of the Court and the parties.  Accordingly, Defendant Leach's Motion to Sever is

denied.

### N.    Defendant Hecker's Motions for Additional Peremptory Challenges, to Participate in Voir Dire and for Jury Questionnaire

Defendant Hecker has filed several motions pertaining to matters involving jury selection, including a motion seeking additional peremptory challenges, to participate in voir dire and to create a jury questionnaire.  These are motions to be addressed to the District Court Judge, therefore, these motions are denied without prejudice.

### O.    Defendant Hecker's Motion for to Adopt Motions of Co-Defendant

Defendant Hecker moves the Court for permission to join in the motions of his co-defendant, insofar as they are applicable to Hecker.  At the criminal motions hearing, his counsel indicated that because Defendant Leach's motions overlap with Defendant Hecker's motions, this motion is moot.

### P.    Government's Motions for Discovery

The Government seeks discovery permitted by the Federal Rules of Criminal Procedure 16(b), 12.1 and 26.2.  As the Defendants have offered no responses in opposition and the discovery is permitted by the rules, the Court grants the Government's motions.

**THEREFORE, IT IS HEREBY ORDERED that:**

1.    Defendant Hecker's Motion for Additional Peremptory Challenges (Doc. No. 117) is **DENIED WITHOUT PREJUDICE**;

2.    Defendant Hecker's Motion for Disclosure and Suppression of Wire Taps, Oral Communications or Other Electronic Eavesdropping (Doc. No. 118) is **DENIED AS MOOT**;

3.    Defendant Hecker's Motion for Disclosure of Government Witnesses (Doc. No.

119) is **GRANTED in part**, and **DENIED in part**; the Court orders the production of all parties' witness lists one week prior to trial.

4.  Defendant Hecker's Motion for Disclosure of Rule 404(b) Evidence (Doc. No. 121) is **DENIED AS MOOT**; the Court directs the Government to provide any information no later than ten days prior to trial;

5.  Defendant Hecker's Motion for Discovery and Inspection (Doc. No. 123) is **GRANTED in part**, **DENIED in part**, and **DENIED AS MOOT in part**, consistent with this Order;

6.  Defendant Hecker's Motion for Early Compliance with the Jencks Act (Doc. No. 127) is **DENIED AS MOOT**; and the Court directs the Government and the Defendants to provide any such material no later than two weeks prior to trial;

7.  Defendant Hecker's Motion for Early Disclosure of Post-Conspiracy Statements of Co-Defendant (Doc. No. 129) is **DENIED AS MOOT in part**, and **DENIED in part,** consistent with this Order;

8.  Defendant Hecker's Motion to Produce Exhibit List (Doc. No. 130) is **GRANTED in part**, and **DENIED in part**; the Court orders that all parties produce an exhibit list one week prior to trial;

9.  Defendant Hecker's Motion for Counsel to Participate in Voir Dire (Doc. No. 132) is **DENIED WITHOUT PREJUDICE;**

10. Defendant Hecker's Motion to Adopt Motions of Co-Defendant (Doc. No. 135) is **DENIED AS MOOT**;

11. Defendant Hecker's Motion to Compel Disclosure of Evidence Favorable to

Defendant (Doc. No. 136) is **DENIED AS MOOT**;

12.     Defendant Hecker's Motion for Disclosure of Informants and to Make Informants Available for Interview (Doc. No. 138) is **DENIED AS MOOT**;

13.     Defendant Hecker's Motion to Modify Conditions of Release (Doc. No. 142) is **DENIED**;

14.     Defendant Hecker's Motion to Retain Rough Notes (Doc. No. 143) is **DENIED AS MOOT**;

15.     Defendant Hecker's Motion for Jury Questionnaire (Doc. No. 147) is **DENIED WITHOUT PREJUDICE**;

16.     Defendant Leach's Motion to Sever (Doc. No. 101) is **DENIED**;

17.     Defendant Leach's Motion for Disclosure of Jencks Act Material (Doc. No. 103) is **DENIED AS MOOT**; and the Court directs the Government and the Defendants to provide any such material no later than two weeks prior to trial;

18.     Defendant Leach's Motion for Release of Brady Materials (Doc. No. 105) is **DENIED AS MOOT**;

19.     Defendant Leach's Motion for Government Witness List (Doc. No. 107) is **GRANTED;** the Court orders the production of all parties' witness lists one week prior to trial;

20.     Defendant Leach's Motion for Disclosure of Government Exhibit List (Doc. No. 109) is **GRANTED**; the Court orders that all parties produce an exhibit list one week prior to trial.

21.     Defendant Leach's Motion for Disclosure of Expert Witnesses (Doc. No. 111) is

**GRANTED**, such that all expert disclosures, mutually applicable to the Government and the Defendants, shall be made no later than three weeks prior to trial and any rebuttal expert disclosures shall be made one week prior to trial**;**

22.   Defendant Leach's Motion for Disclosure of 404(b) Evidence (Doc. No. 112) is **DENIED AS MOOT**; the Court directs the Government to provide any information no later than ten days prior to trial;

23.   Defendant Leach's Motion to Retain Rough Notes (Doc. No. 113) is **DENIED AS MOOT**;

24.   The Government's Motion for Discovery to Defendant Hecker (Doc. No. 32) is **GRANTED**; and

25.   The Government's Motion for Discovery to Defendant Leach (Doc. No. 33) is **GRANTED**.

July 6, 2010

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge