# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                             **ORDER**
                                  Criminal File No. 10-32 (JNE/SRN)

(1) DENNIS EARL HECKER,

    Defendant.

This matter is before the Court on the Motion of Star Tribune to Intervene for Limited Purpose. [Docket No. 197] The Star Tribune seeks to intervene to assert public access to court records and proceedings. Mainly, the Star Tribune requests the identity of the Third Party who seeks to pay to retain counsel for Defendant Dennis Hecker. The Star Tribune's motion is largely moot because Defendant has now revealed that the Third Party is Ralph Thomas.

Although Defendant has now revealed Thomas's identity, he seeks to keep the retainer agreement itself and the attached record of the wire transfer filed under seal on the grounds that it is work product.

"Although the federal common law of attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal representation, it ordinarily does not apply to client identity and fee information." United States v. Sindel, 53 F.3d 874, 876 (8th Cir. 1995) (citations omitted). While there are certain special exceptions to this rule, Defendant has offered no argument that any of these special circumstances apply in this case to justify sealing.

Moreover, retainer agreements are generally not protected work product. See, e.g., Montgomery County v. MicroVote Corp., 175 F.3d 296, 304 (3d Cir. 1999) (holding that "fee agreement letter does not come within the ambit of the work-product privilege"); Henry v. Rizzolo, No. 2:08-cv-00635-PMP-GWF, 2009 WL 1886272, at *3 (D. Nev. June 29, 2009) ("Courts have also held that attorney engagement letters or retainer agreements are not protected by the attorney-client privilege or work-product doctrine.") (citation omitted); Murray v. Stuckey's Inc., 153 F.R.D. 151, 153 (N.D. Iowa 1993) (noting that fee arrangements are not "prepared in anticipation of litigation such that work product privilege would ordinarily apply").

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED**:

1. The Motion of Star Tribune to Intervene for Limited Purpose [Docket No. 197] is **GRANTED**.

2. The Court's October 13, 2010 Order granting Defendant's Motion to Seal [Docket No. 193] is **VACATED**.

3. Defendant's Motion to Seal [Docket No. 188] is **DENIED**.

4. The retainer agreement and accompanying wire transfer record filed as [Docket No. 195] are no longer under seal and shall be available immediately for public inspection and copying, with the exception that, pursuant to Federal Rule of Criminal Procedure 49.1, any financial account numbers shall be redacted to reveal only the last four digits.

Dated: October 19, 2010      s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court