UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>v.<br><br>Dennis E. Hecker,<br><br>                    Defendant. | Case No. 0:10-CR-32 (01) JNE/SRN<br><br>Submitted to the Hon. Michael J. Davis<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR FURLOUGH AND CLARIFICATION** |

**THE FURLOUGH**

This Court has never been reluctant in the past to provide a brief furlough, provided good cause be shown.  Here a balancing exercise is indicated.  On the one hand, it appears that defendant is incarcerated as a sanction, a punishment for something he did or failed to do while on house arrest.  On the other hand, having him in the midst of a sea of records assisting either his counsel (or counsel-to-be) would be very productive in accomplishing the goals the Court has ordered.

Defendant beseeches the Court to tip the balance in favor of a brief, three-day furlough, limited to 24-hour home incarceration with specific limitations on leaving the jail and self-surrendering three days later.

## CLARIFICATION

On September 7, 2010, defendant pled guilty to one count of conspiracy and one count of bankruptcy fraud. The Plea Agreement recites that the remaining 25 counts are to be dismissed. The two remaining counts each carry a maximum sentence of five years, thus defendant could serve as many as ten years if the Court sentences consecutively instead of concurrently.

Subsequent to sentencing, defendant and his undersigned counsel met with U.S. Probation for the Presentence Investigation interview. Defendant awaits the Presentence Interview Report. He will file a position pleading, and sentencing will be undertaken.

What would otherwise have been a smooth sail from plea to sentencing was interrupted by the motion of William Mauzy for substitution of counsel. Of course a defendant in a criminal case enjoys a Sixth Amendment right to counsel of his choice, and it would seem that Mr. Mauzy's entrance would not be substantively problematic as all of the heavy lifting has been done over the course of the summer preparing for trial. There was, however, a serious problem; Judge Nelson's Order of April 12, 2010, required defendant to repay funds expended or incurred by the taxpayers for his defense if he subsequently acquired retained counsel. (Dkt. No. 78)

Mr. Mauzy's entrance specifically raised the issue of whether or not defendant has the ability to repay the funds, which in turn requires an accurate accounting of what he has had for income and how much of it is available for repayment.

An accounting is time-consuming and otherwise expensive.  In all fairness, the taxpayers should not have to pay for Mr. Mauzy's motion.  Moreover, Mr. Mauzy's associate, Casey Rundquist has done most of the accounting work so far, and it would therefore be more efficient for him to continue.

Accordingly, the Court is respectfully requested to Order that Mr. Mauzy is responsible for completion of the final accounting and to present the same at the hearing on November 8, 2010.

                Respectfully submitted,

Dated:  October 21, 2010           **CHESTNUT CAMBRONNE PA**

                By /s/  Brian N. Toder
                    Brian N. Toder, #17869X
                    17 Washington Avenue North
                    Suite 300
                    Minneapolis, MN  55401
                    (612) 339-7300
                    Fax (612) 336-2940

                **ATTORNEYS FOR DEFENDANT**