UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 10-32(1)(JNE/SRN)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>DENNIS EARL HECKER,<br><br>        Defendant. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR FURLOUGH AND CLARIFICATION** |

The United States of America, by and through its attorneys B. Todd Jones, United States Attorney for the District of Minnesota, and Assistant U.S. Attorneys Nicole A. Engisch, Nancy E. Brasel, and David M. Genrich, hereby submits this response to the defendant's motion for furlough and clarification (Doc. Nos. 209-210).

The government opposes the defendant's motion for a three-day furlough. Because the defendant is a serious flight risk and a danger to the community, the government opposes not just the furlough motion but any motion by the defendant to be released, whether pending sentencing or pending surrender for his sentence. Moreover, there is no merit to the defendant's arguments that he needs to be released to work on the accounting required by the Court.

Because the defendant has pled guilty, he no longer carries a presumption of innocence. Pursuant to 18 U.S.C. § 3143, he should remain detained, unless the Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community. Taking into account all of the facts and circumstances, including the defendant's less than credible testimony during two days of recent hearings, he has demonstrated that he is a serious economic danger to the community. See, e.g., United States v. Giordano, 370 F. Supp. 2d 1256, 1270 (S.D. Fla. 2005)("No question that an economic danger, like that posed by a serial defrauder, falls under the broad umbrella of 'dangerousness' as that term is used throughout the Bail Reform Act."). Defendant Hecker also remains a substantial flight risk, and his demonstrated indifference to a number of court orders (even while on pretrial release with substantial conditions) and his testimony before the Court this week has only amplified the risks posed by release.[1] Defendant is not likely to abide by any conditions imposed upon him.

Moreover, there is no compelling reason for the furlough. The accounting, sought by the Court, can be adequately prepared with

---

[1] Even before the recent events, Magistrate Judge Nelson was "of the opinion that Defendant Hecker remains a serious risk of flight and the pressures of trial will only exacerbate the strain from which he claims to suffer." Order dated July 6, 2010 (Doc. No. 153 at 22). Those flight risk concerns are even greater now, given the pressure of an impending lengthy prison sentence.

the defendant's in-custody assistance. As Mr. Rundquist testified he has already done, counsel can locate all relevant records, at the defendant's or Christi Rowan's direction, and can bring those to the defendant at the jail for purposes of sorting and summarizing them. There is more than sufficient time to accomplish the task in the weeks before the continued hearing.

With respect to the defendant's motion for clarification as to which law firm should undertake the accounting, the government defers to the Court. The government respectfully suggests, however, that the accounting sought by the Court should not be complex or require technical expertise. Once the expense records have all been gathered (most of which apparently have been), the defense team need only 1) identify the source of funds for each expense (i.e., insurance proceeds, 401(k) fund, bankruptcy settlement, etc.), and 2) total up the amounts accounted for and the total amounts unaccounted for. Once there is a new accounting, it would also be important to compare the new accounting with the prior accountings supplied by Mr. Hecker.

## **CONCLUSION**

The government strongly opposes the defendant's motion for furlough, given his serious risk of flight and danger to the community. The government defers to the Court on which law firm

must undertake the required accounting, but it notes that the accounting need not be complicated.

Dated: October 21, 2010         Respectfully submitted,

                                B. TODD JONES
                                United States Attorney

                                */s/ Nicole A. Engisch*

                                BY: NICOLE A. ENGISCH
                                    NANCY E. BRASEL
                                    DAVID M. GENRICH
                                Assistant United States Attorneys