UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

_____

UNITED STATES OF AMERICA,                Case No. 10-CR-32(01) (JNE/SRN)

      Plaintiff,

  v.

DENNIS EARL HECKER,

      Defendant.

_____

**MOVANT'S RESPONSE TO MOTION FOR FURLOUGH AND CLARIFICATION**

      Movant Law Offices of William J. Mauzy submits this Memorandum in partial support of the Motion For Furlough and Clarification. (Doc. # 209)(hereinafter "Clarification Motion"). Movant joins in the Clarification Motion with respect to a three-day furlough of Defendant Dennis Earl Hecker, a furlough being essential in preparing the accounting required under this Court's order. (Doc. # 205). Movant opposes the remainder of the Clarification Motion but respectfully requests that this Court grant his Motion For Substitution Of Counsel in its entirety, thereby mooting that part of the Clarification Motion not pertaining to a furlough.

**PROCEDURAL HISTORY**

      While the issue of Defendant's personal funds, and particularly the Prudential insurance money, is a new issue for Movant and this Court, it has a long history of litigation in other forums. On April 12, 2010, the Magistrate Judge Nelson granted Movant's motion to withdraw as counsel of record in this matter. (Crim. Doc. # 78). Between that date and Defendant's guilty plea in this matter on September 7, 2010,

1

Movant had minimal contact with Defendant. The bulk of those funds for which Defendant must now account were, purportedly, received by Defendant during the period between April 12, 2010 and September 7, 2010. *See Government's Response To Defendant's Motion For Substitution Of Counsel.* (Doc. # 192)(stating that from June through August 2010 Defendant converted the insurance funds and in the same general time frame received approximately $15,000 from a 401(k) account and over $30,000 in checks from Automotive Concepts).

Concerns about the Prudential insurance funds were first informally raised by the Bankruptcy Trustee on July 16, 2010, in correspondence with Defendant's bankruptcy counsel. *Affidavit of Randall L. Seaver*, (Crim. # 191 at 1, Ex. 2). The Trustee formally raised the issue in *In Re Hecker*, Bankruptcy Number 09-50779, on August 17, 2010, by filing a motion for turnover of records against Your Exchange and Prudential. (Bky Doc. # 597). The United States Attorney first took action on the insurance money issue on September 2, 2010, when it sought to revoke Defendant's conditions of release based in large part on the insurance funds issue. (Crim. Doc. # 159 at 5 – 8). It also stated, in relation to Defendant's application for the Kia lease, that if the Defendant's income figures were true "the defendant is in blatant violation of this Court's orders to provide updated income and asset information." (Crim. Doc. # 159 at 9). The Government's motion was scheduled for hearing on September 8, 2010. Immediately before the hearing to revoke Defendant's release, the Defendant appeared at a change of plea hearing on September 7, 2010, and entered his guilty pleas. At the change of plea hearing, the Government orally expressed that it viewed Defendant's personal funds, and reimbursement under the Criminal Justice Act by Defendant, as unresolved issues. *Transcript Of Change Of Plea*

*Hearing Before The Honorable Joan N. Ericksen.* (Crim. Doc. # 200 at 35 – 36). Defendant's plea agreement requires him to be truthful and cooperative in disclosing his assets. The merger clause of that agreement addressed the issue of the Prudential insurance money by providing that Defendant would not be prosecuted. The specific obligation to produce an accounting first arose in bankruptcy court via an adversary proceeding, which commenced on September 22, 2010. (Bky Doc. # 629). By the time Movant filed its Motion For Substitution Of Counsel on October 1, 2010, all relevant funds had, purportedly, passed to or through Defendant. There is no suggestion that Movant played any role, active or passive, in Defendant's actions related to the Prudential monies. *Compare Affidavit of Randall L. Seaver*, (Crim. Doc. # 191). In short, the issue of potential reimbursement of CJA expenditures was ripe for resolution long before Movant filed his motion.

## MOVANT'S POSITION ON CLARIFICATION

In light of the above history, it is disingenuous to suggest that Movant, by submitting the Motion For Substitution Of Counsel, bears any fault for the fact that Defendant now has an accounting obligation in this matter.[1] *See* (Doc. # 210 at 2 – 3)(faulting Movant inappropriately for causing Defendant's legal obligations). The issue of Defendant's personal funds was first raised to this Court not by Movant but by the Government when it stated "separate from the issue of whether the third party's funds will be available to reimburse the CJA funds, there is the issue of whether Hecker should be required personally to reimburse the CJA funds." (Doc. #192 at 18). While the Government has succeeded in encompassing the subject matter of the bankruptcy

---

[1] It is also misleading to state that two guilty pleas are the only heavy lifting necessary for a sentencing. Defendant's case may require litigation of complex issues surrounding loss amount and relevant conduct, just to name a few.

adversary proceeding into this criminal proceeding related to substitution of counsel, and expanding the scope of that accounting, the Government's statements at the September 7, 2010 change of plea hearing show that this was their intent all along. Movant's substitution and Defendant's accounting obligations, however, are two separate and distinct issues because the testimony of Ralph Thomas at the October 18, 2010 hearing makes clear that Movant has not received any funds from Defendant. No evidence, whether introduced in any of Defendant's voluminous criminal, family or bankruptcy court proceedings, suggests a different conclusion. In summary Movant is in no way responsible for the fact that Defendant has an accounting obligation, instead this obligation arose first in bankruptcy proceedings and is consistent with the general requirement that he cooperate with the Government pending sentencing.[2]

     With the foregoing in mind, Movant respectfully requests that this Court deny the Clarification Motion, except as it relates to a furlough of Defendant. This Court has deferred ruling on the Motion For Substitution Of Counsel, and yet as evidenced by the October 20, 2010 hearing, Movant and Counsel of Record were able to cooperate in producing a crude but somewhat persuasive record of Defendant's finances having only a period of two days, and without a professional accountant or the meaningful personal availability of Defendant. The bulk of this work was done by Movant, through an associate attorney, and by Counsel of Record Barbara May. Movant is willing and able to continue assisting Defendant with his accounting obligation, and to represent him through

---

[2] Defendant's actions since the accounting obligation formally became part of the criminal case show only that he is interested in cooperating with the Government, even when incarcerated. A uncooperative Defendant would not take the initiative to personally call American Express, when given access to a phone at the United States Attorney's office, in an attempt to account for and turnover money that is legally his, knowing that any such money found would be turned over to the Court and potentially used for reimbursement under the Criminal Justice Act.

sentencing, but the proper way to accomplish this is to unconditionally grant Movant's Motion For Substitution Of Counsel.  In this light, Movant respectfully requests that the Clarification Motion be denied except that Defendant should be furloughed in order to further assist in the accounting process.

Date:  October 22, 2010                                         Respectfully submitted,

By: ____*/s/ William J. Mauzy*_____
William J. Mauzy (#68974)
Piper Kenney Webb (#275621)
Casey T. Rundquist (#390475)
510 First Avenue North
Suite 610
Minneapolis, MN 55403
(612) 340-9108