UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                **MEMORANDUM OF LAW & ORDER**
                                 Criminal File No. 10-32 (JNE/SRN)

(1) DENNIS EARL HECKER,

    Defendant.

**I.  Retainer Money**

After careful thought, the Court grants Defendant Dennis Hecker's Motion for Substitution of Counsel. The Court immediately terminates the publicly funded representation of Hecker and permits Hecker to retain William Mauzy.

The $55,000 paid to William Mauzy under the retainer agreement are unfrozen. Mauzy may access that money and will not be subject to a later disgorgement order for the $55,000, unless it is discovered that the money was, in fact, funneled from Hecker's assets.

The Court finds that the $55,000 paid by Ralph Thomas to Mauzy are not funds available for payment from or on behalf of Defendant, under either 18

United States Code Section 3006A(f) or Magistrate Judge Nelson's April 12, 2010 Order.

Specifically, the Court finds that Thomas provided the money to Mauzy solely to be used to pay Mauzy to represent Hecker. Thomas would not have provided the money to reimburse the CJA Fund or for any other use by Hecker. Thomas has no expectation of being repaid by Hecker. The money is not a loan.

The money came from the assets of Thomas and Ron Offutt. There is no evidence that the funds came from Hecker's assets.

The Court finds that Hecker does not control the $55,000. He cannot gain access to the money. Thomas provided the money to Mauzy on the condition that, if the money is not used to retain Mauzy, then the money will be returned to Thomas.

The Court's decision is supported by the Second Circuit's holding in <u>United States v. Crosby</u>, 602 F.2d 24 (2d Cir. 1979).

Granting this motion is not only the legally correct decision, but is also the best course of action to prevent any further abuse of taxpayer funds in paying for Hecker's defense.

The Court notes that, if it were to order Mauzy to provide the retainer funds to the CJA Fund, then Hecker would be entitled to continued representation by taxpayer-funded attorneys. Based on the convoluted accounting provided to the Court on Wednesday, the Court deduces that taxpayer-funded attorneys would spend extensive time and taxpayer money on completing the accounting.

Mauzy is familiar with this case. He is a highly regarded and ethical officer of the court. He will ensure that the Court and the public receive a complete and accurate accounting from Hecker, so that Hecker can reimburse the CJA Fund to the greatest extent possible.

Therefore, the Court grants the motion for substitution. As of now, Mauzy is counsel of record for Hecker through the end of sentencing.

## II.     Hecker's Current Financial Status and Ability to Repay the CJA Fund

The Court continues to demand a full accounting from Defendant to determine to what extent Defendant must reimburse the CJA Fund for the public funds that have been expended on his defense.

Working with his new counsel, William Mauzy, Hecker shall provide a complete and accurate accounting to the Court for the dates June 1, 2010 through sentencing.

Once the Court receives a complete accounting, the Court can determine what amount Hecker must currently repay to the CJA Fund.

Hecker is under a continuing obligation, both under Magistrate Judge Nelson's April 12 Order and 18 U.S.C. § 3006A(f), to repay the CJA Fund if funds become available to him. He shall provide a full accounting of his expenses and income every week to Mauzy, and Mauzy will provide that accounting to the Court. At the end of this case, the Court will determine how much money Hecker must provide to reimburse the CJA Fund.

### III. Hecker's Custody

Hecker's motion for a furlough is denied. The Court orders that Hecker shall stay in custody until sentencing.

Hecker has pled guilty. Under 18 U.S.C. § 3143, he shall be detained unless the Court finds by clear and convincing evidence that he "is not likely to flee or pose a danger to the safety of any other person or the community if released."

Hecker misrepresented his financial situation when testifying before this Court on Monday, October 18, 2010.  For example, he testified that he received $33,000 from the alleged sale of the Toyota Tundra.  In fact, Hecker also received money from profits on another vehicle sale based on a side deal with John Prosser.

Hecker has lost credibility with this Court.  He faces substantial prison time.  He has demonstrated an ability to obtain and conceal large amounts of money.  He has demonstrated that he flagrantly and repeatedly violates Court orders.  These facts make Hecker a flight risk.

Therefore, Hecker is remanded to custody pending sentencing.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Defendant's Motion for Substitution of Counsel [Docket No. 177] is **GRANTED**.

2. Defendant's Motion of Furlough and Clarification is [Docket No. 209] **DENIED**.

Dated:  October 22, 2010          s/Michael J. Davis
                                  Michael J. Davis
                                  Chief Judge
                                  United States District Court