UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,          Case No. 10-CR-32(01) (JNE/SRN)

    Plaintiff,

  v.                                                    **Motion and Memorandum**
                                                   **For Rule 17(c) Subpoenas**

DENNIS EARL HECKER,

    Defendant.

---

### DEFENDANT'S FIRST MOTION FOR RULE 17(c) SUBPOENAS DUCES TECUM

Pursuant to Rule 17 (c) of the Federal Rules of Criminal Procedure, Defendant Dennis Earl Hecker hereby moves this Court to direct that the materials referenced in the attached subpoenas duces tecum be produced to this Court and made available to the parties on November 17, 2010. *See* Exhibit A (subpoenaing materials from American Express); and Exhibit B (subpoenaing materials from the United States Bankruptcy Trustee). Because no sentencing date has been set in this matter, and because the requested materials will take time to review, Defendant asks this Court to set a return date on November 17, 2010.

### LEGAL BACKGROUND

Federal Rule of Criminal Procedure 17 (c) reads in relevant part:

**(c) Producing Document and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

1

A Defendant may obtain materials not ordinarily discoverable under Federal Rule of Criminal Procedure 16 by using Rule 17(c) "so long as they are evidentiary." *United States v. Hardy*, 224 F.3d 752, 755 (8th Cir. 2000)(quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219 (1951)). These materials may be subpoenaed if the moving party establishes that "(1) the subpoenaed document is relevant, (2) it is admissible, and (3) it has been requested with adequate specificity." *United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996)

### THE AMERICAN EXPRESS SUBPOENA

The American Express subpoena requests all records pertaining to a number of American Express Gift Cards, which Defendant purchased with funds disbursed from a retirement account, through his divorce proceedings in the State of Minnesota, Fourth Judicial District. This Court ordered Defendant to account for the balance of those funds not turned over by Defendant on October 20, 2010. Defendant, on his own behalf and through his attorneys, have attempted to access these records without judicial process. Defendant is aware that American Express keeps records, for each individual gift card, of all expenditures made on that card as well as the remaining balance. The attached subpoena asks for records pertaining to each individual card, listed by serial number, thus the subpoena is adequately specific.

The requested records are also relevant to Defendant's on-going accounting obligation, and admissible. Defendant is unable to exactly recall how he disposed of every gift card not already turned over, thus the records are not only relevant, but necessary to complete the accounting. The records are also business records, admissible under Federal Rule of Evidence 803(6), upon a proper foundational showing.

## THE UNITED STATES BANKRUPTCY TRUSTEE RECORDS

The United States Bankruptcy Trustee subpoena (hereinafter "Trustee Subpoena"), requests a complete set of those records referenced by the Trustee in his affidavit (hereinafter "Trustee Affidavit")(Doc. 191) , as well as his Rule of Bankruptcy Procedure 2004 examinations of individuals relevant to the accounting.  In his Affidavit the Trustee twice references records received, from 21 Century Bank and Your Exchange respectively, for which he attached "some of" the documents he has to his Affidavit.  (Trustee Affidavit at 2 ¶ 5, 3 ¶ 13).  Furthermore a review of the docket report for *In re Hecker*, Bky Doc. 09-50779, indicates that the trustee has taken Rule 2004 examinations of individuals who have participated in Defendant's financial transactions since June 1, 2010.  The Trustee Subpoena requests all the above referenced records with specificity.

The records requested in the Trustee Subpoena are relevant and admissible.  Given that the scope of the accounting obligation reaches back to June 2010, and that all the requested information pertains to Defendant's financial transactions since that date, the relevance is obvious.  Much of the records requested are business records, admissible under Federal Rule of Evidence 803(6).  Statements contained in the 2004 Examinations are also admissible under a number of evidentiary theories available in Article Eight of the Federal Rules of Evidence.

Date:   November 9, 2010                                          Respectfully submitted,

                                                    By:      */s/ Casey T. Rundquist*
                                                            William J. Mauzy (#68974)
                                                            Piper Kenney Webb (#275621)
                                                            Casey T. Rundquist (#390475)
                                                            510 First Avenue North
                                                            Suite 610
                                                            Minneapolis, MN 55403
                                                            (612) 340-9108