UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              **MEMORANDUM OF LAW & ORDER**
                                  Criminal File No. 10-32 (JNE/SRN)

(1) DENNIS EARL HECKER,

    Defendant.

    Nicole A. Engisch and Nancy E. Brasel, Assistant United States Attorneys, Counsel for Plaintiff.

    William J. Mauzy and Piper Kenney Webb, Counsel for Defendant.

    This matter is before the Court upon Defendant's Motion for Release Pending Sentencing and the Government's Motion for Detention Pending Sentencing.

    On October 18, 2010, this Court remanded Defendant to the custody of the U.S. Marshal. By Order dated October 19, 2010, the Court ordered Defendant to remain in custody pending sentencing. Thereafter, the Court issued an Order dated October 22, 2010 denying the Defendant's motion for furlough and

1

clarification. In denying the motion, this Court held that the Defendant did not meet his burden under 18 U.S.C. § 3143 by presenting clear and convincing evidence that he is not a flight risk or that he does not pose a danger to the safety of others if released. The Court found that the Defendant had misrepresented his financial situation when testifying before the Court on October 18, 2010 and that as a result, the Defendant had lost credibility with this Court. This Court further found that the Defendant is a flight risk because he faces substantial prison time, he has demonstrated an ability to obtain and conceal large amounts of money, and that he flagrantly and repeatedly violates Court orders.

The Defendant now argues that Judge Ericksen had previously made a determination under §§ 3143 and 3142(c) that the Defendant was not a flight risk and that this Court is bound by Judge Ericksen's ruling. The Government responds that this Court does have the inherent authority to revisit a release determination where there is evidence that the Defendant has violated his conditions of release pursuant to 18 U.S.C. § 3148(a). The Government has thus brought a motion for revocation of the Defendant's release under 18 U.S.C. § 3148(b), which provides that a judicial officer shall order revocation and detention, if after hearing, the judicial officer finds probable cause the Defendant

has committed a Federal, State or local crime while on release or where there is clear and convincing evidence that the Defendant has violated other conditions of release and that there is no condition or combination of conditions of release that will assure the Defendant will not flee or pose a danger to others or the community or that the Defendant is unlikely to abide by any condition or combination of conditions of release.  Further, if the judicial officer finds probable cause to believe the Defendant has committed a crime while on release, a rebuttable presumption arises that there is no condition or combination of conditions that will assure the Defendant will not flee or pose a danger to others or the community.

In this case, the Defendant was ordered by Judge Ericksen, as a condition of release, not to acquire any major assets over $250 without the approval of Pretrial Services.  Thereafter, the Government put forth evidence that the Defendant obtained $65,000 after entering his guilty plea and that he did not notify Pretrial Services of such fact until after the money had been spent.  Such conduct constitutes clear and convincing evidence of a violation of his release conditions.  Furthermore, the Court finds probable cause exists that the Defendant committed perjury before this Court when testifying at the October

18, 2010 hearing. For these reasons, and the reasons previously set forth in the October 22, 2010 Order, this Court finds that there is no condition or combination of conditions of release that will assure the Defendant will not flee or pose a danger to others or the community.

Defendant makes much of the fact that Judge Ericksen is not the judicial officer that revoked the Defendant's release. Section 3148(b) provides only that "[t]o the extent practicable, a person charged with violating the condition of release . . . shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated." As this statutory language makes clear, Congress recognized that circumstances may arise where another judicial officer, other than the one that ordered release, may be required to address a motion for revocation of release. Accordingly, as a judicial officer in the District in which the Defendant was originally ordered released, this Court has the authority to address the Government's motion under § 3148(b).

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

    1.    Defendant's Motion for Release Pending Sentencing [Docket No. 246] is DENIED.

2. Government's Motion for Detention Pending Sentencing [Docket No. 249] is GRANTED.

Dated:  January 4, 2011              s/ Michael J. Davis
                                                        Michael J. Davis
                                                       Chief Judge
                                                       United States District Court