UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 10-32 (JNE/SER)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>             )<br>       Plaintiff,    )<br>             )<br>   v.        )<br>             )<br>DENNIS EARL HECKER,    )<br>             )<br>       Defendant.    ) | STIPULATION |

RECEIVED
MAR 01 2011
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

The assets identified below (hereinafter, "Assets") are governed by this Stipulation. However, defendant understands that the listed Assets are not the entirety of real and personal property which the government may seek for restitution and/or forfeiture.

Defendant Dennis Earl Hecker, as owner, director, and/or officer or former owner, director, and/or officer of Brainerd Imports LLC; DEH Family Holdings LLC; DEH Funding LLC; DEH Properties, LLC; Dennis Hecker Mortgage LLC; Dennis Hecker Real Estate Holding Company, LLC; Denny Hecker's Automotive Group, Inc.; Denny Hecker's Cadillac-Pontiac-GMC, Inc.; Den-Star Management, Inc.; DH Capital Holdings LLC; HHR of Copper Oaks, LLC; Hecker Capital, LLC; Hudson Auto Sales, Inc.; Inver Grove Holdings, LLC; Inver Grove Investments, LLC; Inver Grove Investments, Inc.; Jacob Properties of Minnesota LLC; Jacob Holdings of Medina LLC; Jacob Motors of Pine City LLC; Jacob Motors of Shakopee LLC; Jacob Motors of St. Cloud LLC; Jacob Properties of Aspen, LLC; Lake Country Auto

SCANNED
MAR - 2 2011
U.S. DISTRICT COURT MPLS

Center, Inc.; Monticello Motors LLC; Rosedale Dodge, Inc.; Rosedale Leasing of Minneapolis LLC; Rosedale Leasing of Minnesota LLC; Southview Chevrolet Co.; Stillwater Ford, Lincoln-Mercury Inc.; Sydney Holdings of Eden Valley LLC; Sydney Holdings of IGH LLC; Walden Auto Leasing IV, Inc.; Walden Fleet Group, Inc.; Walden Fleet Sales Group, Inc.; Walden Fleet Services II, Inc.; Walden Investment Company; Walden Leasing, Inc.; and Walden Payroll Services LLC, including their subsidiaries and/or holding companies and related companies, hereby assigns and transfers to the United States of America, all rights and interest to any Assets of the above-referenced entities or their subsidiaries and/or holding companies and related companies. In this Stipulation, the term "Assets" includes any claims of the above-referenced entities to insurance payments, warranty payments or other causes of action, including the proceeds of such claims.

Defendant states that to the best of his present recollection and knowledge, and without access to relevant corporate documents, none of the specific Assets listed above are encumbered by liens, pledged as collateral or have other clouds on title or ownership. Many of the entities listed above are indebted to creditors; thus, those entities may be subjected to liens or judgments.

Further, by defendant's signature below, defendant personally and as owner and/or officer of the above-referenced entities hereby abandons all right, title and interest to the above-referenced

Assets and waives any right to assert such interests in any forum whatsoever or to appeal or otherwise challenge the disposition of the Assets by the Court on the basis of this Stipulation or otherwise.

The proceeds from insurance, warranty or other claims owed to the above-referenced entities or their subsidiaries and/or holding companies shall be paid over to the Clerk of U.S. District Court pursuant to Order of the Court in this matter for disbursement for restitution.

Hecker signs this Stipulation in his capacity as a director of the above-referenced entities. Hecker is no longer an owner or stockholder of the entities; instead, his former personal ownership interest in the entities is now the property of, and controlled by, his bankruptcy estate. Hecker has not been authorized to sign this Stipulation by his bankruptcy Trustee and does not in any way seek to diminish the Trustee's valuable interest, if any, in any of the above-referenced entities, or to otherwise prejudice any interest that the Trustee may assert in these Assets or entities.

The parties agree that this Stipulation is without waiver or prejudice to the rights and interests of any creditor or lien claimant of Hecker or the above-referenced entities listed herein in or to the Assets or any proceeds transferred to the United States pursuant to this Stipulation. The parties further agree that any creditor or party claiming a lien or security interest in

3

the Assets may petition the Court for a determination that its rights or interests have priority over the interests of the United States, parties entitled to restitution, or other creditors.

The parties agree that the Court may enter the attached Order without further notice or hearing to the parties.

Dated: 2/11/2011

DENNIS HECKER, defendant
On behalf of the
above-referenced entities

Dated: 2/11/11

WILLIAM J. MAUZY, ESQ.
Law Offices of William J. Mauzy
Email: wmauzy@mauzylawfirm.com
510 First Avenue North, Suite 610
Minneapolis, MN 55403
Ph: 612-340-9108

Dated: February 11, 2011

B. TODD JONES
United States Attorney

BY: NICOLE A. ENGISCH
Assistant U.S. Attorney
Attorney ID No. 215284
Email: nicole.engisch@usdoj.gov
600 U.S. Courthouse
300 South 4th Street
Minneapolis, MN  55415
612-664-5600